DAVIS, *Appellant*, v. BRISCOE.

**Conveyance**: MISDESCRIPTION: EQUITY: NOTICE: POSSESSION. C, by quit-claim deed of July 22nd, 1868, in consideration of his indebtedness to the grantee and others, conveyed certain real estate to **T,** and thereafter by his special warranty deed, dated August 25th, 1868; again conveyed the same premises to T, both of said deeds, however, misdescribing the land intended to be conveyed, and conveying other land, not owned by the grantor. Thereafter, by deed of January 13th, 1880, C conveyed by proper description to the heirs of T the land intended to be conveyed and in controversy. T entered into possession of the latter in 1868, and occupied the same until 1874, when he, by a deed containing a similar misdescription of the premises as in the deed to him, conveyed to the defendant who purchased for value and without notice of any equity of plaintiff, and entered into and has since been in possession of said premises intended to be conveyed. Plaintiff on August 6th, 1879, as a creditor of C, attached said premises, and thereafter, on February 19th, 1880, in pursuance of a judgment and special execution in his favor, bought at the sheriff's sale all the right and interest of C therein, and thereupon brought ejectment against defendant, *Held*, (1) That defendant, being an innocent purchaser for value, was entitled to have the mistake in the description in the conveyances corrected as against T and his heirs, and also that defendant acquired through the deed from T all the interest, legal and equitable, which

T had at the time of the execution of his deed to defendant, and the deed from C to T, according to the evidence, being for a valid and *bona fide* consideration, the latter by the conveyance to him acquired the equitable title to the land intended to be conveyed, and could have compelled the divestiture of C's legal title; (2) That even if C's deed to T was made on a secret parol trust for the benefit of the former's creditors, and was, therefore, fraudulent as to them, still plaintiff, as such creditor, did not complain prior to defendant's purchase and the latter's equity, being older in point of time, is the superior one; (3) Even if T was such trustee for C's creditors, it would make no difference that the debts due by said C had all been fully paid, it not appearing that they were so paid prior to the time T conveyed to defendant; (4) That defendant, being in open possession of the premises when plaintiff seized and sold them, the latter purchased with notice of the former's equity therein.

*Appeal from Johnson Circuit Court.*—Hon. Noah M. Givan, Judge.

Affirmed.

*Edmond A. Nickerson* and *Samuel P. Sparks* for appellant.

The deeds from Cockrell to Tapscott, although absolute in form, were in their nature mortgages to secure antecedent indebtedness. *Oneille v. Capelle*, 62 Mo. 202; *Ib.*, 235; Burrill on Assg., (Ed. 1877) § 4, p. 8, and authorities there cited. Mortgagees under mortgages, given simply to secure the payment of antecedent debts, are not *bona fide* purchasers for a valuable consideration. *Alexander v. Caldwell*, 55 Ala. 517; *Johnson v. Graves*, 27 Ark. 557; *Cary v. White*, 52 N. Y. 138; *Clark v. Flint*, 22 Peck. 231; *Ashton's Appeal*, 73 Pa. St. 153; *Prentice v. Zane*, 2 Gratt. 262; *Halshad v. Bank of Ky.*, 4 J. J. Marsh. 554; *Manning v. McClure*, 3 C. Ill. 490; 23 Miss. 136; 36 Tex. 511; 26 N. J. Eq. 445; 23 Ill. 579; *Busenbarke v. Ramey*, 53 Ind. 299; *Hill v. Gaugh*, 8 Ind. 166; 2 White & Tudor Lead. Cases in Eq., pt. 1, p. 83, *et seq.*; 76 N. C. 82. Tapscott did not hold this land free from the equity of Davis as a creditor, and his conveyance to Briscoe, if he had no notice,

could not defeat Davis' right. *Johnson v. Sewell*, 33 Ind. 1; *Blutchy v. Osborn*, 33 Conn. 226. The transaction between Cockrell and Tapscott respecting the former's property, of which the land in controversy is a part, was fraudulent, regardless of the intention of the parties, because its effect was to hinder and delay creditors, and was, therefore, void, in which fraud Tapscott participated. *Potter v. McDowell*, 31 Mo. 62; *White v. McPheeters*, 75 Mo. 286. The conveyances were made in pursuance of a secret understanding— were upon a trust, although absolute in form, between near relatives—of all the property of an insolvent, several thousand dollars in value, to secure a few hundred dollars of indebtedness—the grantor and grantors' conduct, by which the trust was sedulously kept from the knowledge of a majority of the creditors for twelve years. *Sibley v. Howard*, 3 Mo. 290; *Cason v. Murray*, 15 Mo. 378; *Johnson v. Sullivan*, 23 Mo. 474; *Potter v. McDowell*, 31 Mo. 62; *Potter v. Stevens*, 40 Mo. 229; *State v. Benoist*, 37 Mo. 500; *Reed v. Pellatier*, 28 Mo 173; *Crow v. Beardsley*, 68 Mo. 439; *Henderson v. Henderson*, 55 Mo. 544. The transaction being illegal, both in its inception and in the subsequent treatment by the mortgagee, or trustee, equity will not lend its aid to enforce it, nor of any right growing out of it. *Barr v. Cabbage*, 52 Mo. 404; Story's Eq. Juris., §§ 793c, 793d. These conveyances from Cockrell to Tapscott were for the benefit of all his creditors at that time, of whom appellant, Davis, was one; an equity arose in his favor to the property so conveyed, which was prior in time to that of defendant, and a party asking relief by correcting defects and mistakes in the execution of instruments, must stand upon some equity superior to the party against whom he asks it. *Young v. Coleman*, 43 Mo. 179; Story Eq. Juris., vol. 1, § 176. The stipulation states that at the time Cockrell made the corrected conveyance to the heirs of Moses Tapscott, all the debts of Cockrell had been paid. This would render the mortgage void. *McNair v. Picotte*, 33 Mo. 57. Tapscott, under whom defendant, Briscoe, claims, never had

the legal title, and his deed only conveyed such equity as arose between him and Cockrell, so that Briscoe was the purchaser of an equity at most, and subsequent in point of time to Davis. The payment of value without notice does not alone constitute a superiority among successive equities so as to disturb priority determined by order of time. *Jasper Co. v. Travis,* 76 Mo. 13 ; 2 Pomeroy Eq. Juris., § 691. Viewing the transaction between Cockrell and Tapscott as an assignment for the benefit of his creditors, he cannot correct the mistake in his deed to the prejudice of an existing creditor who had attached for his debt. *Hughes v. Ellison,* 5 Mo. 463 ; *Swearingen v. Slicer,* 5 Mo. 241. But conceding that the deed of correction to Tapscott's heirs, from Cockrell, invested them with the legal title. Then Briscoe has nothing more than an equitable interest, and Davis, the prior equity, and the maxim, *Qui prior est tempore potior est jure,* always applies between equities, unless there be something to take the parties out of the general rule. *Halett v. Collins,* 10 How. 174 ; *Boone v. Chiles,* 10 Pet. 187 ; *Galliou v. McCaslin,* 1 Blackf. 191 ; *Craig v. Leper,* 2 Yerg. 103 ; *Napier v. Elam,* 6 Yerg. 408 ; *Phillips v. Phillips,* 31 L. J. Ch. 321. As between persons claiming merely equitable interests, the defense of purchase for value without notice, has no place. A party who purchases an equity takes it subject to all the equities which affect it in the hands of any assignor. The first grantee of an equity has the right to be paid first, and it is quite immaterial whether the subsequent incumbrancer or purchaser took the security and paid the money without notice of the prior incumbrance or equity. *Frazer v. Jones,* 17 L. J. Ch. 353, 356 ; *Manningford v. Toleman,* 2 Coll. 770; 2 K. & J. 108, 109 ; 16 Beav. 120 ; 1 J. & H. 721 ; 3 D. F. & J. 264; 30 Beav. 54 ; 1 D. J. & S. 167 ; 31 L. T. Ch. 921, 326 ; *Poillon v. Martin,* 1 Sand. Ch. 569 ; *Crawford v. Beitholf,* Saxton 458 ; *Jones v. Zollicoffer,* 2 Tay. 214 ; *Panson v. Ivey,* 1 Yerg. 286 ; *Dupont v. Wetherman,* 10 Cal. 354. The *onus* was upon defendant to show that he was a purchaser for value with-

out notice of the fraud in the transaction to which his grantor obtained title. But on this point the record is silent. 7 John. Ch. 65; 1 John. Ch. 288; 8 Mo. 303. Conceding that Briscoe, by his purchase from Tapscott, obtained an equity superior to the equity of plaintiff, and which ought to prevail against him; yet the plaintiff has the better title and ought to recover in this case. Because the defendant never had any legal title to the premises, and at the time of the purchase of the plaintiff at the sheriff's sale he had no notice, either actual or constructive that defendant had purchased the land from Tapscott, or that he was in possession or set up any claim of title to it. There is not a particle of evidence that shows that plaintiff had notice of the purchase of defendant from Tapscott, either by the registration of his deed, or by the possession of defendant. The recording of the deed did not give him notice, for constructive notice, flowing exclusively from matters of record, can never be construed to be more extensive or broader than the facts stated on the record. *Gale v. Morris*, 29 N. J. Eq. 222; *Wilson v. King*, 12 C. E. Green 374; *Cass Co. v. Oldham*, 75 Mo. 50. Possession of itself is no notice, actual or constructive. *Beattie v. Butler*, 21 Mo. 313. The deed of correction by Cockrell to the heirs of Moses Tapscott, was at the time. of the purchase of plaintiff at sheriff's sale, merely in contemplation. A purchaser cannot be charged with notice of a deed which is merely in contemplation. *Cothey v. Sydenham*, 2 Bro. Ch. 39; 6 Paige 181, 233.

*John J. Cockrell* for respondent.

The undisputed facts, as shown by the record, are that J. V. Cockrell sold Tapscott the premises in controversy, and in the deed therefor made a mistake in the description; that Tapscott paid for it to Cockrell's creditors, and sold it to defendant; that appellant discovered the error, and with full knowledge of all the facts, sought to take advantage

of it; that before appellant bought under his attachment Cockrell corrected the mistake by deed to the Tapscott heirs; that defendant had been in possession of the land for a long time prior to the institution of appellant's proceedings. Appellant shows no equities, while defendant is a purchaser for value, in good faith and with perfect title.

PHILIPS, C.—This is an action of ejectment in the usual form, to recover the possession of the north half of the northeast quarter of the southeast quarter of section 7, township 46, range 27, in Johnson county. The answer, after admitting possession and tendering the general issue, as to the other allegations of the petition, pleaded that on, and prior to the 30th day of July, 1868, J. V. Cockrell was the owner in fee of the land in question, when he conveyed the same by quit-claim deed to one Moses Tapscott, of said county, for the expressed consideration of $500. That afterward, on the 25th day of August, 1868, said Cockrell made and delivered to said Tapscott, a deed with full covenants of warranty to said land, for the same consideration; which deeds were duly acknowledged and recorded in said county; that by mistake, the north half of the northeast quarter of the northeast quarter of said section, was inserted in said deed, instead of the land first, above described; that the same was a mere clerical error in description, the said Cockrell not then owning, or in fact, never did own the land so described in said deeds. That said Tapscott immediately took possession of the right land, and occupied the same as his own, until in 1874, when he sold and conveyed the same by deed of warranty to the defendant, with other lands, for the expressed consideration of $550; which said deed was duly acknowledged, and recorded in said county on the 22nd of June, 1875. That defendant, thereupon took possession of said land, improved it, and has ever since openly, notoriously, etc., held and occupied the same as his land, and that he was, and is a purchaser for value, etc. That on discovering the said misdescription, the said Cockrell, on the 13th

day of January, 1880, for the purpose of rectifying said mistake, and in confirmation of his said sale to Tapscott, made a deed to said land, to the children and heirs of said Tapscott, he having, in the meantime, died. It is then averred, that plaintiff claims title to the land in controversy, under a judgment obtained by plaintiff, against said Cockrell, under notice by publication in October, 1879, which sale was made in February, 1880; that the plaintiff bought with notice, etc. The reply tendered a general denial as to the possession of said land by said Tapscott. It admitted the plaintiff's acquisition of title as alleged in the answer, under the sheriff's deed, but denied any notice, etc., of the defendant's title. The cause was submitted to the court, without the intervention of a jury, for trial. During the progress of the cause, on the 14th day of September, 1880, the following stipulation was entered by the parties, acting through their attorneys, and filed in the cause to-wit:

"It is agreed that J. V. Cockrell, by his quit-claim deed, dated July 22nd, 1868, conveyed certain real estate, situate in Johnson county, Missouri, to Moses Tapscott, and afterward, by his special warranty deed of date August 25th, 1868, in which he was joined by his wife, he again conveyed the same real estate to said Moses Tapscott; that among said tracts of real estate, was one therein described as the north one-half of the northeast one-fourth of section 7, township 46, range 27. That said J. V. Cockrell, did not, at the time of making said deeds, own said tract, but did own the north one-half of the northeast one-fourth of the southeast one-fourth of said section, township and range, and owned no other tract in said section; that said Cockrell, in each of said conveyances, intended to convey the tract aforesaid, but described it as written in said deeds by mistake, and that his deed to the heirs of Moses Tapscott, of date, January 13th, 1880, was made to correct said mistake in the two deeds aforesaid; this said deed of January 13th, 1880, being a deed from J. V. Cockrell and wife, to

Joseph V., Mary A., Francis L., and William M. Tapscott. That the consideration for the conveyance of said real estate to said Tapscott, was indebtedness of said Cockrell to said Tapscott and others; that prior to making said conveyance, of January 13th, 1880, the debts so due, from said Cockrell, were all fully paid. It is further understood and agreed by and between the parties to this suit, that any of the papers and records of the circuit court of Johnson county, Missouri, in the case of *F. M. Bradley et al. v. Mary A. Tapscott et al.* should be read in evidence, lately determined in the said circuit court, may be used by either party on the trial of this cause, reserving to each party all objections to the relevancy of such evidence."

The various deeds, mentioned in the pleadings, were read in evidence, as also the depositions of J. V. Cockrell and others, taken in the case of *Bradley v. Tapscott,* alluded to in said agreed statement. The evidence also showed, that the defendant, immediately after his purchase from Tapscott, took possession of said land, and made valuable improvements thereon, and was in possession thereof when the plaintiff obtained his judgment against said Cockrell. The court found the issues for the defendant. From that judgment the plaintiff has brought the case here on appeal.

I. It stands admitted by the agreed statement, that Cockrell intended to convey the land to Tapscott by the deed executed in 1868; and there can be no question, but Tapscott conveyed the same to defendant, and that the defendant, as between him and Tapscott, was an innocent purchaser for value; and as such, would be entitled to have the mistake in the description corrected against Tapscott and his heirs. Equally clear is it, that the defendant acquired, through the deed from Tapscott, all the interest, legal and equitable, which Tapscott had at *the time of the execution of his deed to defendant.* On account of the mistake in description, Tapscott did not have the legal title. But did he not acquire the equitable title? Such, unquestionably, would be the result of the attempted conveyance,

unless there was some exceptional infirmity in the contract between the parties. To show such infirmity, the appellant asserts, that the deed from Cockrell to Tapscott was voluntary, without consideration, and fraudulent as to creditors. But what are the facts? The agreed statement recites: " That the consideration of the conveyance of said real estate to said Tapscott, was indebtedness of said Cockrell to said Tapscott and others." And so says the deposition of Cockrell, read in evidence by the plaintiff. The deed, therefore, was not without a valid and *bona fide* consideration, and, so far from having been made in fraud of creditors, it was to secure the creditors, to pay his debts. Such being the case, Tapscott acquired the equitable title of Cockrell, in and to this land, and could have compelled a divestiture of the legal title of Cockrell. But counsel suggested that while Cockrell's deed was in form, a warranty deed, it was in fact made on a secret parol trust for the benefit of Cockrell's creditors. Therefore, the title of Tapscott was liable to attack by Cockrell's creditors, as being fraudulent in law as to them. Conceding this to be correct in principle, it would be a sufficient answer to say no such creditor complained or made the assault prior to the purchase of that equity by the defendant. It is true that it is asserted by counsel in his brief, that the plaintiff was a creditor of Cockrell prior to that time. But this is mere assumption, so far as appears from the record before us. The only evidence offered by plaintiff, touching his claim against Cockrell, was the sheriff's deed, under which he asserts title. That only recited that he obtained judgment in 1879. It may be inferred that this judgment was founded on an antecedent cause of action. But how long anterior? It devolved on the plaintiff to show when, if he sought to avail himself of the fact. We are not at liberty to assume that it existed in 1868, when Cockrell sold to Tapscott, or in 1874, when the latter conveyed to defendant. The defendant consequently, had the older equity, and can invoke against the plaintiff the maxim: *Qui prior est tempore,*

*portior est jure.* The next contention made by appellant is, that when defendant acquired title, all the debts against Cockrell had been satisfied; and, therefore, the defendant cannot maintain his defence. The only evidence on this point is the following recital in the agreed statement of facts : " That prior to January 13th, 1880, the debts so due from said Cockrell, were all fully paid." But how long prior? Was it prior to 1874, when Tapscott conveyed to defendant? That is the material point in time. And it cannot be inferred, that prior to the time named in the agreed statement, the debts were paid, much less, that they were paid when Tapscott sold to defendant. If Tapscott was a mere trustee, as asserted by counsel, the law presumes that he sold in execution of the trust. Where his conduct is liable to different constructions, the law rather refers the act to the proper than the wrong motive. Cockrell, according to his own deposition, having transferred his land, in equity, to Tapscott, in payment of his just debt to Tapscott, and the balance, if any, to be sold and the proceeds applied by his trustee to certain other creditors, after his accredited trustee and grantee had in good faith, sold a part of this land to a *bona fide* purchaser, and taken his money, how could Cockrell resist the demand of the defendant to rectify the mistake in the deed to Tapscott? So far as the trust arrangement between Cockrell and Tapscott was concerned, its only infirmity consisted in the fact that it rested in parol. As such, Cockrell could not, so long as it remained executory, have enforced its performance against his grantee. But when the grantee proceeded in execution of the parol arrangement, to dispose of the land to an innocent purchaser, and obtained the money, presumably, for the very purpose of executing Cockrell's wishes, on the plainest principles of equity and honesty, Cockrell was estopped from reclaiming the land from the defendant. And so was the plaintiff, a subsequent purchaser under Cockrell with notice.

Perceiving this conjuncture, counsel for appellant finally claims that he was without notice of the defendant's equity

when he acquired title under Cockrell. This is not tenable. The defendant was in possession of the land when plaintiff seized and sold it. His possession was open, for he had it inclosed and in cultivation, when the plaintiff had it seized under the writ of attachment. He (the plaintiff) is presumed to have directed the sheriff in making the seizure, and to have pointed out the land. So it is not easy to perceive how he was ignorant of defendant's occupancy. There is nothing in the record to show that Cockrell, under whom both parties claim, had any record title to this land. His title for aught that appears, may have rested *in pais*. In such case the common law rule, which imparts notice from the fact of open possession, must apply. In the absence of proof that the grantor's title was of record, " the only sensible rule is, that actual residence upon the land, is notice to all the world of every claim which the tenant may legally assert in defence of his possession." *Buck v. Holloway*, 2 J. J. Marsh, 180; *Bartlett v. Glasscock*, 4 Mo. 62; 4 Cent. Law J. 123, 124.

The finding was for the right party, and, therefore, the judgment of the circuit court is affirmed. All concur.