## SAMUEL B. COOPER v. JOHN GUNTER, Appellant.

**Division One, December 23, 1908.**

1. **JUDGMENT: Collateral Attack.** A judgment to be safe from collateral attack must on its face or upon the whole record appear to be lawful.

2. ———: ———: **Taxes: No Year Stated.** A petition in a suit for taxes which fails to state the years for which the taxes are due fails to state a cause of action. And a judgment rendered in pursuance to such petition which itself fails to state the years for which the taxes were due does not on its face appear to be lawful, and can be collaterally attacked, for instance, in a suit to quiet title.

3. ———: ———: ———: ———: **Shown by Whole Record.** As a general proposition a judgment of a court of general jurisdiction is not to be set at naught for that it does not show an essential fact if on the whole record that fact otherwise appears. But it is not sufficient to support a judgment for taxes which does not state the year for which the taxes were due, that the order of publication issued by the clerk in vacation and the sheriff's deed executed after sale under the judgment show the years. The statute requires the years for which the taxes are due to be stated in the petition, taxbill and judgment, and if the petition omits that essential averment the court cannot go to the order of publication to supply it in the judgment; and if the petition was lost at the trial, and its contents not shown, and the judgment fails to show the years the taxes were due, the judgment cannot be held to be good on a showing that the year was stated in the order of publication and the sheriff's deed.

4. ———: ———: ———: ———: ———: **Sheriff's Deed.**
The sheriff's deed is by statute prima-facie evidence of title and
that the matters and things therein stated are true, but it
cannot be made to contradict the record or furnish data with
which to supply a material defect in the record. Where the
deed recites the years for which the taxes were due and the
record does not show that recital, the prima-facie evidence of
the deed is overcome. The sheriff cannot supplement or amend
the court's record.

5. ———: ———: ———: **Payment.** A judgment of the cir-
cuit court in a tax suit cannot be set aside in a collateral at-
tack by a showing that in point of fact the taxes for the year
specified in the judgment had been paid before the suit was be-
gun.

Appeal from Texas Circuit Court.—*Hon.  W.  E.
Barton,* Special Judge.

Affirmed.

*Dooley & Salyer* for appellant.

In an action under Sec. 650, R. S. 1899, when the
validity of a judgment is called in question, the attack
upon the judgment is collateral in its nature. Evarts
v. Lumber & Mining Co., 193 Mo. 433; Johnson v.
Realty Co., 167 Mo. 325. The rule in this State is that
a judgment in a tax suit can not be collaterally attack-
ed by one who was a defendant in that suit, and who
was properly brought in by personal service or by
publication, nor can the title of a purchaser under such
a judgment be defeated by showing that the taxes for
which the judgment was rendered had been paid before
the institution of the suit, before the judgment was
rendered or before the sale under the judgment.
Evarts v. Lumber Company, 193 Mo. 444; Hill v. Sher-
wood, 96 Mo. 125; Jones v. Driskill, 94 Mo. 190; Gibbs
v. Southern, 116 Mo. 204. A judgment rendered by a
court of general jurisdiction, having jurisdiction of
the subject-matter and of the parties, however errone-
ous or irregular, can not be impeached or attacked
collaterally by a party to it. Brennan v. Maule, 108

Mo. App. 336; Burnside v. Wand, 108 Mo. App. 539; Bedford v. Sykes, 168 Mo. 8; Warren v. Manwarring, 173 Mo. 34; Talbot v. Roe, 171 Mo. 433; Morrison v. Turnbaugh, 192 Mo. 444; Randall v. Snyder, 112 S. W. 529. In applying the doctrine that a final judgment, rendered by a court having jurisdiction of the subject-matter and of the parties, imports absolute verity, and is not open to inquiry in a collateral proceeding, it is often necessary to resort to the pleadings to clearly interpret what is spread upon the record as the judgment of the court. Burnside v. Wand, 108 Mo. App. 539; State ex rel. v. Hunter, 98 Mo. 386; Morrison v. Turnbaugh, 192 Mo. 445; Randall v. Snyder, 112 S. W. 529. In all suits for the collection of delinquent taxes, the general laws of the State as to practice and proceedings in civil cases shall apply, so far as applicable and not contrary to this chapter. R. S. 1899, sec. 9303. The judgment upon which the sheriff's deed to A. S. Cameron was executed, Cameron being a remote grantor of defendant, is in substantial compliance with Sec. 9304, R. S. 1899.

*Lamar & Lamar* for respondent.

VALLIANT, P. J.—This suit is aimed to come under section 650, Revised Statutes 1899, to quiet title to a quarter section of land in Texas county. The petition alleges that it is wild land in the possession of no one, that plaintiff is the owner in fee, that defendant claims title adverse to plaintiff, that both plaintiff and defendant claim from a common source, but that defendant's title comes through a sale for taxes which was illegal and void. The prayer is for a decree adjusting the title. The defendant in his answer does not assert title in himself but only denies that plaintiff has title. But the cause was tried by both parties as if by the pleadings each was asserting a title in con-

flict with the other, it was so treated by the court and so we will treat it.

On the trial the plaintiff as proof of his title introduced a warranty deed from Lamar dated June 3, 1899, to himself, and then he undertook to prove what the defendant's title was and to do so he introduced a sheriff's deed to one Cameron of date May 21, 1901, purporting to be the result of a sale under special execution on a judgment of the circuit court rendered November 21, 1900, for delinquent taxes for the year 1898, in a cause wherein the county collector was plaintiff and this plaintiff was defendant; then followed mesne conveyances from Cameron to the defendant. The plaintiff introduced evidence, over the defendant's objection, tending to show that the taxes on this land for the year 1898 were paid before the suit in which the judgment was rendered was begun, and he also introduced the judgment under which the sheriff's sale was made, which judgment did not state the year or years for which the taxes that were adjudged delinquent were found to be due. With that the plaintiff rested. Then the defendant, to show the source of the plaintiff's title, introduced a deed dated November 15, 1898, from the sheriff under special execution on a judgment in a tax suit against one Long and others conveying the land to Lamar, the plaintiff's grantor. There was no question raised as to the regularity of that proceeding, sale and deed. In defense of his own title defendant introduced evidence tending to show that the petition in the case in which the judgment under which he claims was rendered was lost and could not be found, but no effort was made to prove its contents, but defendant also introduced the order of publication against the plaintiff here, the defendant in that suit, as a non-resident, in which publication it was stated that the suit was

to recover the taxes due for the year 1898. Defend-
ant also introduced the sheriff's execution docket, the
sheriff's notice of sale and the judge's docket. These
last three offers were seemingly to help to supply
the omission in the judgment to state the year for
which the taxes were delinquent, but if so they do not,
so far as we can see from the abstract, answer that
purpose; they do not give that information. In the
sheriff's notice of sale it is recited that the sale was
"for certain delinquent taxes and interest thereon
as set forth in a judgment," etc., giving the date of
the judgment referred to, the court and the names
of the parties, thus referring to the judgment itself
for the necessary information. There was also some
evidence tending to show that the taxes for 1898 were
not paid. The finding and judgment of the court were
for the plaintiff decreeing the fee simple title in him.
Defendant appealed.

Defendant's main proposition is that he claims
under the judgment in the tax suit against the plain-
tiff, that that judgment was rendered by a court of
competent jurisdiction, and that it is not subject to
a collateral attack. The proposition as so stated is a
correct declaration of law and is sustained by the
cases cited in appellant's brief. [Evarts v. Lumber &
Mining Co., 193 Mo. 433; Johnson v. Stebbins-Thomp-
son Realty Co., 167 Mo. 325; Jones v. Driskill, 94 Mo.
190.] But a judgment to be safe from a collateral
attack must on its face or on the whole record appear
to be lawful. When a court is proceeding to render
a judgment in conformity with a statute authorizing
a particular proceeding which was unknown to the
common law, though it be a court of general jurisdic-
tion and though the court be proceeding in accord-
ance with the course of the common law, as far as
it is applicable to the statutory proceeding, yet the
judgment must conform to the requirements of the
statute under the authority of which alone it is ren-

dered, when the requirements of the statute are mandatory and when the points are essential. The statute says: "In all suits under this chapter, the general laws of the State as to practice and proceedings in civil cases shall apply, so far as applicable and not contrary to this chapter." [Section 9303, R. S. 1899; 4 Ann. Stat., pp. 4274-5.] The same section also prescribes what the petition shall contain, among which: "all lands owned by the same person or persons may be included in one petition and in one count thereof, for the taxes of all such years as taxes may be due thereon, and said petition shall show the different years for which taxes are due, as well as the several kinds of taxes or funds to which they are due, with the respective amounts due to each fund; all of which shall be set forth in a taxbill of said back taxes, duly authenticated by the certificate of the collector, and filed with the petition." The next section, 9304, prescribes what shall be shown on the face of the judgment: "The judgment, if against the defendant, shall describe the land upon which taxes are found to be due; shall state the amount of taxes and interest found to be due on each tract or lot, and the year or years for which the same are due."

It would perhaps not be contended in the face of this statute that a petition in such case which failed to state the year for which the taxes are claimed to be due would state a cause of action. In Bland v. Windsor, 187 Mo. 108, the court said that the taxes for each year was a separate and distinct cause of action and that a petition that failed to state the year the taxes sued for were claimed to be due would be fatally defective. The General Assembly deemed it essential to require that fact to be shown not only in the petition but also in the taxbill filed therewith, so that the person whose land was threatened would know exactly what was the demand of the tax collector. And, to give further emphasis to this as an essential point, the lawmaker

in the very next section, prescribing what shall be put into the judgment to be spread on the record of the court, industriously repeats that it shall state the year or years for which the taxes are found to be due. How can we say that is not essential which the General Assembly has, with so much pains, insisted is essential? Appellant contends that a judgment of a court of general jurisdiction is not to be set at naught because it does not show an essential fact if on the whole record that fact otherwise appears. That is a correct statement of the law as a general proposition, and there is no occasion for us, in this case, to say that in this statutory proceeding that rule does or does not apply, or that this essential fact, which the Legislature has said must appear in the judgment, cannot be supplied by referring to other parts of the record, because, in this case, that fact does not appear elsewhere in the record, at least not elsewhere in the record where it should be to have that effect. It appears in the order of publication which the clerk made in vacation and it appears also as a recital in the sheriff's deed, but neither of those is sufficient to support the judgment in this particular. The statute prescribes three places wherein this fact must appear, and the statute uses the imperative word, "shall," viz: the petition, the taxbill filed with the petition and the judgment. Suppose when the court came to render judgment in this case it discovered that there was no statement either in the petition or taxbill filed with it showing for what year the taxes were claimed to be due, could the court go to the order of publication made by the clerk in vacation for that information and insert it in the judgment by default, and thus condemn to be sold for the taxes of that year the land of a non-resident who was before the court on proof of publication only?

In such case the court could not even have allowed the petition to be amended, because a judgment by default on proof of publication only must rest for its

validity on the petition as it was when the order of publication was made. The petition in that case has disappeared from the files and could not be produced in evidence in the trial of this case, therefore we do not know what it contained on this point, if the judgment had recited the fact we might presume that it was contained in the petition but we have no right to presume that the petition contained this necessary averment in this instance because the judgment that was based on it does not contain it. If presumption is to be indulged it should rather be that the fact was omitted from the judgment because the petition did not contain it and because there was no lawful record evidence giving the court that information. The only thing in the record in that case going to show the year for which the tax was alleged to be due was the clerk's order of publication in vacation. The clerk cannot by such an order supply a missing necessary averment in the petition.

As to the recital in the sheriff's deed it is of no value in this particular. The statute, section 9305, makes the sheriff's deed "prima-facie evidence of title and that the matters and things therein stated are true," but it cannot.be made to contradict the record or furnish data with which to supply a material defect in the record; in any instance it is only prima-facie evidence and is subordinate to the record. Its recitals are made prima-facie evidence of the facts recited because it is presumed that the record facts recited in the deed were copied from record and the other facts recited were the sheriff's own acts in executing the *fieri facias,* but when the deed recites a fact as appearing on the record, and reference to the record does not sustain the recital, the prima-facie evidence of the deed is overcome. The sheriff cannot supplement or amend the court's record. Appellant in his brief cites cases to show that an essential omission in a judgment

of a court of record may be supplied by reference to the petition, for example, in a case where title to land is the controversy and the judgment adjudges the title but omits to describe the land we may refer to the petition for the description and sustain the judgment. [Talbot v. Roe, 171 Mo. 421.] There is no dispute as to that proposition, but here we have a judgment vacant in a material point and we have no petition to refer to. Going to the petition for a description of an essential fact in the cause of action which the judgment sustains, is very different from going to the order of publication made by the clerk in vacation.

It is true as contended by appellant that a judgment of the circuit court in a tax suit cannot be set aside in a collateral attack by showing that in point of fact the taxes for the year specified in the judgment had been paid before the suit was begun.

Therefore the testimony introduced showing that the taxes for the year 1898 were paid was incompetent, but that incompetent evidence is not taken into account by us. We judge this tax judgment on its own face and on its own record and pronounce it void. The judgment of the trial court was for the right party and it is affirmed.

All concur.