EMMA SWIFT v. JAMES H. BUFORD, Appellant.

Division Two, January 6, 1920.

1. **SHERIFF'S DEED: Last Above Described Tract: Lands Sold.**   A sheriff's deed which describes three tracts of land as having been exposed to sale by him, and then says that "the said last above described tract was stricken off and sold" to the purchaser, conveyed only the last tract described, and did not convey the other two tracts.   But the question whether or not the other two tracts were sold, though not conveyed, still remains.   .

2. ————: **Deed of Correction: No Sale.**   Under the statute (Sec. 2239, R. S. 1909) declaring that where, "after the sale of any property" and "after executing a defective conveyance therefor," the sheriff shall remove from the State, the sheriff in office, having obtained an order from the circuit court to do so, may execute a deed of correction, neither the sheriff has any authority, nor the circuit court any authority to direct him, to execute a deed of correction conveying land which had not been sold by the former sheriff.   It is not sufficient that there had been an intention to sell; there must have been an actual sale, and no conveyance or an imperfect conveyance.

Swift v. Buford.

3. ———: **Evidence of What Tracts Were Sold: Acknowledgment: Return.** A recital in the sheriff's deed that three tracts were exposed to sale and that a named purchaser was the highest and best bidder is not negatived by a recital that "the last above tract was stricken off and sold" to him; and a description of the three tracts in the acknowledgment which the sheriff files with the clerk of the court, which the statute requires the clerk to make, indicates that the sheriff thought he sold the three tracts. But the best evidence of what was actually sold is probably the sheriff's return upon his execution and his report of sale.

4. ———: **Recitals in Deed of Correction: Prima-facie True.** Recitals in a deed of correction made by a sheriff are prima-facie evidence of their truth only where such recitals are required by the statute; but Section 2239 says such a deed made in pursuance to its requirements "shall have the same effect" as if made by the officer making the sale, and that means that the recitals required by Sections 2231 and 11501, if contained in the deed of correction, are prima-facie true, and among the recitals required by them are "the names of the parties to the execution, the date when issued, the date of the judgment, a description of the property, the time, place and manner of the sale," and other particulars.

5. ———: ———: ———: **Lands Sold: Decree of Court.** Recitals in a sheriff's deed of correction that at the former sale the three tracts described were sold and stricken off to the purchaser to whom the last described tract was conveyed, that a petition was filed in the circuit court praying that a deed of correction be executed by the sheriff in office and that an order finding that the three tracts were sold was made, are all prima-facie evidence of their truth; and consequently the grantee is required to introduce only the corrected deed in evidence in order to make out his prima-facie right to recover.

6. ———: **Complete Sale: Lands Sold: Deed of Correction.** A sheriff's deed which fails to convey all the lands sold is not a complete instrument, and consequently it can be corrected by a deed of correction made in pursuance to the statute.

7. **INNOCENT PURCHASER: Land in Possession of Another.** One who buys land in the open and visible possession of a third person is chargeable with notice of the title and right of that person, and is not an innocent purchaser.

Appeal from Shannon Circuit Court.—*Hon. E. P. Dorris*, Judge.

REVERSED AND REMANDED.

28—280 Mo.

*John H. Chitwood, C. M. Buford* and *Franklin Miller* for appellant.

(1) The judgment in this cause should have been for appellant. Coombs v. Crabtree, 105 Mo. 292. (2) The evidence is not the same as in the cases on which respondent relies for affirmance of this judgment, namely: Sanzenbacher v. Santhuff, 220 Mo. 274; DePaige v. Douglas, 234 Mo. 88; Davidson v. Laclede Land & Imp. Co., 253 Mo. 223; Laclede Land & Imp. Co. v. Schneider, 177 S. W. 388. (3) The sheriff's deed to Jadwin recites that the judgment upon which it was based directed the sheriff to sell all of the land therein described, or a sufficient quantity to satisfy the judgment for taxes and costs; and such recital in this deed is prima-facie true. R. S. 1909, sec. 11501. (4) The amended sheriff's deed to appellant cured whatever defect may have existed in the original tax deed. Ozark Land & Lumber Co. v. Franks, 156 Mo. 673; R. S. 1909, sec. 2239; Talley v. Schlatitz, 180 Mo. 240; Brannock v. Henry, 158 S. W. 385. (5) The sheriff's amended deed related back to the date of the original tax deed, to the original exercise of the power of sale, and took effect by relation as of that time. Griffin v. Franklin, 224 Mo. 667; Ozark Land & L. Co. v. Franks, 156 Mo. 689; DePaige v. Douglas, 234 Mo. 86.

*J. W. Chilton* and *John W. McClellan* for respondent.

(1) The original sheriff's deed did not convey nor purport to convey the land in controversy, namely, Section 20, Township 29, Range 1 west. Davidson v. Laclede Land & Improvement Co., 253 Mo. 231; Laclede Land & Improvement Co. v. Schneider, 177 S. W. 388; DePaige v. Douglas, 234 Mo. 78; Sanzenbacher v. Santhuff, 220 Mo. 274; Spicer v. Howe, 38 Kan. 465. (2) It is the duty of a sheriff selling land at a tax sale to sell it in tracts rather than *in solido* and he has no right to sell several tracts together unless directed so

to do by the execution defendant. Sec. 2206, R. S. 1909; Shelton v. Franklin, 224 Mo. 342; Yeaman v. Lepp, 167 Mo. 61; DePaige v. Douglas, 234 Mo. 85; Griffin v. Franklin, 224 Mo. 667. (3) The law, however, presumes that an officer does his duty in the absence of proof to the contrary, and that he sold the land in tracts, as required by law. Owen v. Baker, 101 Mo. 413; State v. David, 131 Mo. 395; State ex rel. v. Crumb, 157 Mo. 556. (4) It is a general rule of law that no intendment can be made in support of tax deeds; hence words necessary to identify the land will not be supplied by inference or presumption. 37 Cyc. p. 1449; Nelson v. Braddock, 44 Mo. 603. A sheriff's deed for taxes should be strictly construed in favor of the original owner of the land. 37 Cyc. p. 1451. (5) An imperfect or defectively executed sheriff's deed for delinquent taxes may be amended to conform to the sale as actually made upon proof of facts warranting such amendment. But a sheriff's deed can never be amended to make it convey land which was never in fact sold. The statute authorizing amendments of sheriff's deeds has no application to perfect deeds perfectly executed; it applies only to defective deeds or deeds defectively executed. A sheriff's deed can never be amended to convey land which it may have been the intention of the sheriff to sell, but which he did not sell. Talley v. Schlatitz, 180 Mo. 231; Smith v. Vickrey, 235 Mo. 413; Keller v. Hawk, 19 Okla. 407; Chalfield v. Iowa & Ark. Land Co., 88 Ark. 395; Gould v. Thompson, 45 Iowa, 451; 37 Cyc. 1429. See also, Hewitt v. Storch, 31 Kan. 488. (6) A sheriff in office can exercise no greater powers in making an amended deed than could his predecessor in office, who sold the land. In re Grunzler, 70 Mo. 40. (7) There is nothing in this record justifying the application of the doctrine of relation in behalf of appellant. Respondent is shown to have been a purchaser of the land for a valuable consideration and without any notice of appellant's present contention, such purchase having been made from the heir of the original own-

er, by warranty deed, before appellant procured his so-called amended deed, and while the deed records of Shannon County disclosed the title to be in respondent's grantors. Brannock v. McHenry, 158 S. W. 385; Shelton v. Franklin, 224 Mo. 683; Griffin v. Franklin, 224 Mo. 360. This is an action at law, and the finding of fact by the trial court to the effect that respondent is an innocent purchaser of the land for value and without notice of appellant's claim is the same as if such finding had been made by a jury and will not be disturbed by this court. Daman v. Rimme, 246 Mo. 233; Nickey v. Leader, 235 Mo. 30; Williams v. Sands, 158 S. W. 47.

WHITE, C.—This action was begun October 7, 1916, under Section 2535, to determine title to a tract of land in Shannon County, Missouri, described as all of Section 20, Township 29, Range 1 west. A count in ejectment also is in the petition. There was a judgment for plaintiff and the defendant appealed.

It was stipulated that one E. W. Echols was the common source of title, and the owner on and before March 14, 1888, and that the defendant had been in possession of the property for one year prior to the bringing of this suit. Echols died in 1910, and his title descended to Mary Echols Bell, his only heir, who conveyed to Frank P. Swift, April 15, 1916. Swift died after the institution of this suit, having devised the land to his widow, the present plaintiff.

The defendant claims under a sheriff's deed executed March 14, 1888, under a judgment against E. W. Echols, enforcing a tax lien and a sale for taxes; also a second sheriff's deed executed on the tenth day of May, 1916, in correction of the first sheriff's deed, and mesne conveyances.

The first sheriff's deed recites that a judgment was rendered September 17, 1887, in the Circuit Court of Shannon County, for delinquent taxes in the sum of sixty-two dollars and fifty cents, which was found by the court to be due upon the following described real estate, to-wit:

Swift v. Buford.

"Parts of sections
"Lot or block

| "Tract No. | Addition or Town | Soc't. | Tw'p. | Range | Block |
|------|------|------|------|------|------|
| 1 | W 1-2 | 20 | 29 | 1 | |
| 2 | E 1-2 | 20 | 29 | 1 | |
| 3 | NE 1-4 | 22 | 31 | 4 | |

"And that the taxes and interest found due upon said real estate, and the years for which the same were assessed are upon each of the above described tracts as follows, viz:

| Tract No. | Years for which taxes were found due | Tax | Interest | Total |
|------|------|------|------|------|
| 1 | 1884 & 1885 | | | 25.09 |
| 2 | 1884 & 1885 | | | 25.09 |
| 3 | 1884 & 1885 | | | 12.35" |

The deed further recites that a special execution and order of sale was issued from the clerk's office on the seventeenth day of January, 1888, by virtue of which the sheriff, William M. Freeman, levied upon "the above described real estate." It recites the publication of the notice of sale, and the sale March 13, 1888, in the following words:

"I did expose to sale at public auction, for ready money, *the above described real estate* and James A. Jadwin being the highest bidder for the *following described real estate,* viz:

"1s W2 of section twenty and the east half of section twenty, in township twenty-nine, range one west, and the northeast quarter of section twenty-two, in township thirty-one, range four west.

"Section No. .... In township No. .... north of range .... west acres, for the sum of thirty-seven dollars, *the said last above described tract* was stricken off and sold to the said James A. Jadwin for the sum bid therefor by him as above set forth.

"Now, therefore, in consideration of the premises, and the sum of thirty-seven dollars, to me, the said Sheriff, in hand paid by the said James A. Jadwin, the receipt whereof I do hereby acknowledge, and by virtue of the authority in me vested by law, I, W. M. Freeman, Sheriff, as aforesaid, do hereby assign, transfer and convey unto the said *James A. Jadwin all the above described real estate so stricken off and sold to him* that I might sell as sheriff as aforesaid, by virtue of the aforesaid judgment, execution and notice."

The deed was duly signed by W. M. Freeman, Sheriff, and his acknowledgment certified by the Clerk of the Circuit Court in the ordinary form. It was filed for record March 19, 1888.

The record in the office of the Clerk of the Circuit Court of that acknowledgment described the land as follows:

"1st. W 2 of section twenty and the east half of section twenty, township 29, range 1 west, northeast quarter of section 22, in township 31 north, of range 4 west."

The second sheriff's deed dated the tenth day of May, 1916, executed by C. O. Chilton, then Sheriff of Shannon County, recites the judgment of September 17, 1887, for taxes against the following described real estate, to-wit:

"Tract One—The west half of section twenty, in township twenty-nine, range one west.

"Tract Two—The east half of section twenty, in township twenty-nine, range one west.

"Tract Three—The northeast quarter of section twenty-two, in township thirty-one, range four west."

The deed then recites the amount of taxes due for each year for which the tract was delinquent, the amount of interest as in the first sheriff's deed, the judgment, special execution, and the order of sale on the seventeenth day of January, 1888, delivery to Wm. M. Freeman, then sheriff, the levy and notice of sale, as in the original sheriff's deed, and that said Freeman, sheriff, pursuant to such notice on the thirteenth day of March, 1888, did:

"Expose to sale at public auction for ready money all the above described real estate, and James A. Jadwin being the highest bidder *for all the above described real estate*, to-wit, *all of section twenty, in township twenty-nine, range one west*, and the northeast quarter of section twenty-two, in township thirty-one, range four west, for the sum of thirty-seven dollars, *all of the aforesaid real* estate was by said Sheriff stricken off and sold to the said James A. Jadwin for the said sum of thirty-seven dollars.

"And, whereas, on the 14th day of March, 1888, said Wm. M. Freeman, as Sheriff of said county as aforesaid, executed and delivered a deed to said James A. Jadwin for all of the aforesaid land, which said deed, *upon the petition of James H. Buford*, was, by the Circuit Court of Shannon County, Missouri, at its May Term, 1916, *found to be defective*, and that said Wm. M. Freeman, the Sheriff as aforesaid, who executed the aforesaid deed, is *now a non-resident of the State of Missouri*.

"And, whereas, *upon the aforesaid petition and the hearing there-on* by the said Circuit Court at its May Term, 1916, and on the 9th day of May, 1916, it was further found by said court tnat said James A. Jadwin has since the aforesaid sale, assigned, transferred and conveyed all his right, title and interest in and to said real estate so acquired by him at such Sheriff's sale, and that by mesne conveyances all of said Section Twenty, in Township Twenty-nine, Range One west, is vested in the said James H. Buford.

"And, whereas, after hearing the evidence offered by said James H. Buford in support of his aforesaid petition, the said court ordered and directed that I, as the present Sheriff of said county, execute and deliver to said James H. Buford a deed for all of said section twenty in township twenty-nine, range one west.

"Now, therefore, in consideration of the premises, the order of said court, and the sum of thirty-seven dollars so paid by the said James A. Jadwin to the said Wm. M. Freeman as Sheriff as aforesaid, and by virtue of the authority in me vested by law, I, C. O. Chilton, Sheriff of Shannon County, Missouri, do hereby assign, transfer and convey unto the said James H. Buford all of said Section Twenty (20), in Township Twenty-nine (29) Range One (1) west, *situate* in Shannon County, Missouri, that I might sell and convey by virtue of the aforesaid judgment, notice and order of court."

The deed was then, on the same day, duly signed and acknowledged by Chilton as sheriff.

W. M. Freeman was sworn and examined on behalf of plaintiff and testified that he was sheriff of Shannon County from 1887 to 1891. That he was away from Shannon County, in Oklahoma, from August, 1915 to November, 1916. He had no recollection of his sale of the land as sheriff, nor of the first sheriff's deed produced in evidence. He testified further that he conducted sheriff's sales on advice of counsel, and that the sheriff's deeds which he executed while in office were presumed to correspond with printed forms of deeds in the recorder's office.

The plaintiff claimed under the will of her husband, Frank P. Swift, and offered depositions to show that Frank P. Swift acquired the land April 15, 1916, for a valuable consideration of fifteen hundred dollars.

I. The respondent asserts that the first sheriff's deed conveyed no title to the land in dispute to Jadwin. it will be noticed by the recitals in the deed that the

**Last Above Described Tract.** judgment for taxes covered three tracts of land; the west half of Section 20, Township 29, Range 1 west; the east half of Section 20, Township 29, Range 1 west; and the northeast quarter of Section 22, Township 31, Range 4 west. The first two are involved in this case. The recitals show that James A. Jadwin was the highest bidder for the three tracts above mentioned for the sum of thirty-seven dollars; but continue thus:

"The said *last above described tract* was stricken off and sold to the said James A. Jadwin for the sum bid therefor by him as above set forth."

The sheriff then conveyed to Jadwin "all the above described real estate so stricken off and sold to him." It is claimed by respondent that inasmuch as there are three tracts described, "the said *last* above described tract" could refer only to the northeast quarter of Section 22, Township 31, Range 4 west.

In the case of DePaige v. Douglas, 234 Mo. 78, where the recitals in the sheriff's deed were almost exactly like those under consideration, it was held by this court in an opinion by LAMM, J., that only the last mentioned tract passed by the deed (l. c. 83). Judge LAMM in that opinion notes that it is doubtful whether the recital showed the bidder actually bid for and purchased all the land or only the last tract; he resolves the doubt in favor of the suggestion of conscience and held that the deed conveyed only the last described tract. The opinion in that case was followed in the case of Davidson v. Laclede Land & Imp. Co., 253 Mo. 223.

On the authority of those cases Sheriff Freeman by the first deed mentioned conveyed only the last mentioned tract and did not convey any part of Section 20 which is involved in this suit.

II. Respondent likewise attacks the second sheriff's deed made to correct the defects in the first. The deed **Deed of Correction.** was made pursuant to Section 2239, which we quote for convenience in noting its requirements:

"*Sec.* 2239. *After sale, how to obtain deed.*—When any officer shall die, be removed from office or disqualified, or shall remove from this State, after the sale of any property and before executing a conveyance therefor, as required by law, or after executing a defective conveyance therefor, the purchaser, his grantee, or anyone claiming by, through or under the purchaser, may petition the court out of which the execution issued, stating the facts, verified by affidavit, and if said petitioner satisfy the court that the purchase money has been paid, the court shall order the sheriff then in office to execute, acknowledge and deliver a deed to the purchaser, or if he be dead, to his heirs, and if the purchaser has sold the same, to his grantee, or to the party claiming by, through or under said purchaser, *reciting the facts;* which deed shall be executed accordingly, and shall have the same effect, to all intents and purposes, as if made by the officer so deceased, removed from office, disqualified or absent from the State."

As very properly argued by respondent, the statute gives no authority to the court to order, or to the sheriff to execute, a deed under Section 2239, unless the land which it purports to convey has in fact been sold. It is not sufficient that there was an intention to sell it or a desire to sell it; there must have been an actual sale and no conveyance or an imperfect conveyance. [Talley v. Schlatitz, 180 Mo. 231; Smith v. Vickery, 235 Mo. 413; Cummings v. Brown, 181 Mo. 711, l. c. 715-16.]

It is asserted that the second sheriff's deed was not authorized for several reasons: because no proof was presented of an actual sale of the land in Section 20; because no record proof is shown that a petition was filed or order made as required by Section 2239, and because the first sheriff's deed was not defective.

While the first sheriff's deed conveyed only the quarter section in Section 22, it recites that all the land was exposed to sale and "James A. Jadwin being the highest and best bidder for the following described real estate," etc.; then follows a description of all the land, including

Section 20.   Though the deed goes on to say the *last* above described tract was stricken off and sold to him, this does not negative the idea that the other tract may also have been sold to him.  In the acknowledgment spread upon the record by the clerk of the court all the land including Section 20 is described.  That is a record which the statute, Section 2233, Revised Statutes 1909, requires the clerk to make.  It is unnecessary to inquire what force such an entry would have as evidence of an actual sale, but it does indicate that the sheriff thought he had sold *all* the land described.

The second sheriff's deed contains very full recitals and it becomes important to inquire just what recitals in that deed furnish prima-facie evidence of their truth.

The recitals of the deed are prima-facie evidence of their truth only where such recitals are required by the statute; recitals not required by the statute are not evidence of anything.  [Jordan v. Surghnor, 107 Mo. 520, l. c. 525;  Scharff v. McGaugh, 205 Mo. 344, l. c. 358;  Butler v. Imhoff, 238 Mo. l. c. 595;  Toler v. Edwards, 249 Mo. l. c. 164.]

Section 2239 provides that a deed made pursuant to its requirements "shall have the same effect to all intents and purposes, as if made by the officer so deceased  .  .  .  or absent from the State."

Section 11501, Revised Statutes 1909, makes a deed by the sheriff in a sale for delinquent taxes "prima-facie evidence of title and that the *matter and things therein stated are true.*"   Since a deed made pursuant to Section 2239 "*must have the same effect,*" the recitals required by that section are prima-facie true.

The recitals required by Section 2231 are applicable to a deed made by an officer who "shall sell any land," which include any deed by a sheriff under Section 11501 or Section 2239.  The recitals required by Section 2231 are "the names of the parties to the execution, the date when issued, the date of the judgment, order or decree, and other particulars, as recited in the execution; also a description of the property, the time, place

and manner of the sale, *which recital shall be received as evidence of the facts therein stated."*

Section 2239 sets out what must be done by an officer in making a corrected deed, *"reciting the facts,"* that is, in addition to the recitals required by Section 2231, the deed must also recite the further facts mentioned in Section 2239 which will authorize the execution of the corrected deed; the filing of the petition, the death, absence or inability of the sheriff who made the sale, the defective conveyance, the right of the petitioner as purchaser from the original bidder and the order of the court to the sheriff then in office to execute and deliver the deed.

Now, the sheriffs deed of correction recited a judgment against all three of the tracts which included all the land in Section 20, the advertisement, exposure to sale, and that "James A. Jadwin being the highest and best bidder for all the above described real estate, to-wit, all of Section 20, Township 29, Range 1 west, and the northeast quarter, Section 22, Township 31, Range 4 west, for the sum of thirty-seven dollars, *all of the aforesaid real estate was stricken off and sold to the said James A. Jadwin* for the sum of thirty-seven dollars." It then recites that the sheriff W. M. Freeman executed a deed, and *"upon the petition"* of James H. Buford, the Circuit Court of Shannon County "found the deed to be defective" and that William M. Freeman, Sheriff at that time, was a non-resident of the State of Missouri, and the court further found, "upon the aforesaid petition," James H. Buford had acquired all the interest of James A. Jadwin; and further:

"And, whereas, after hearing the evidence offered by James H. Buford in support of his aforesaid petition the said court ordered and directed that I, as the present sheriff of said County, execute and deliver to said James H. Buford a deed to all of said Section Twenty, Township Twenty-nine, Range One west."

Thus appears not only a recital of the original sale and the facts necessary to its validity, but also of the requirements of Section 2239 necessary for a corrected

deed. The recital of the finding, and order of the court directing the execution of the deed of correction, prima-facie is as effective as if the order itself were introduced. It cannot be presumed that the court would have entered a finding upon its record contrary to the facts.

It is argued that the sheriff who made the corrected deed knew nothing about the facts and for that reason his recitals are of no force and no evidence of the facts. For that matter, the original sheriff, who was present, did'nt remember the facts; had forgotten all about them. The best evidence, probably, of what was actually sold at the sale in 1888, was the return of the sheriff upon his execution and his report of sale, which would necessarily appear in the files of that tax suit. If, in fact, all the land was not sold, it was for the plaintiff to produce that return and report in rebuttal of the recitals in the sheriff's deed. The defendant had only to introduce the deed which recited the facts. That recital was prima-facie evidence and authorized the court in this suit to assume that the court, on the hearing of the petition for a corrected deed, ascertained what the facts were from the record which showed them. It is to be presumed, prima-facie, that the record facts stated in the deed were copied from the record. [Cooper v. Gunter, 215 Mo. 558, 1. c. 565.]

Respondent asserts that the first sheriff's deed is a complete instrument and therefore could not be corrected under the statute. It is not a complete instrument, because it failed to convey all the land sold, and for that reason it was proper to have the correct deed made.

The second sheriff's deed effectually conveyed the title to Jadwin.

III. It is claimed by respondent, and it was especially found by the court in rendering judgment, that Frank P. Swift, who devised the land to plaintiff, purchased the land from Marie Echols Bell, the only heir of E. W. Echols, on the fifteenth day of April, 1916, before the petition of Buford was filed in the circuit

court to have a corrected sheriff's deed, the petition having been filed at the May term, 1916; that the purchase of Frank P. Swift, was for a valuable consideration, fifteen hundred dollars, without notice of defendant's claim and therefore the corrected sheriff's deed and the order of the court directing its execution would be of no effect as against the plaintiff.

It will be recalled that E. W. Echols was the common source of title and that Marie Echols Bell was the sole heir. Echols was the defendant in the tax proceeding and his heir did not convey the land until the fifteenth day of April, 1916, as stated.

This suit was filed October 7, 1916, and therefore defendant was in possession when Frank P. Swift bought.

There is nothing equivocal in the possession admitted in the defendant. It appears in these words:

"It is further stipulated that the possession of the land in controversy is admitted in the defendant down to the institution and for one year prior to the institution of this suit."

The deed by which the *defendant* acquired the land in 1913, and the several deeds in defendant's chain of title, running back to the conveyance from Jadwin in 1892 recites considerations larger than Swift paid. No evidence was offered to show that the considerations mentioned in these sales were not actually paid, or that the defendant did not also buy and hold possession in good faith.

That defendant's possession and claim were adverse to the claim of the plaintiff is alleged in the petition. That it was sufficiently open and notorious for the plaintiff to be cognizant of it appears in the fact that the suit was brought, including a count in ejectment. One who buys real estate in the open and visible possession of a third person is chargeable with notice of the title and right of that person and is not an innocent purchaser. [Stone v. Railroad, 261 Mo. 61, l. c. 76; Squires v. Kimball, 208 Mo. 110, l. c. 119; Davis v. Briscoe, 81 Mo. 27, l. c. 37.]

Plaintiff's devisor was not an innocent purchaser for value without notice. Under the evidence produced plaintiff was not entitled to recover.

The judgment is reversed and the cause remanded. *Railey* and *Mozley*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.