JOHN N. MILLER, Appellant, v. C. L. MEDLEY, C. L. KEATON et al.

Division Two, July 15, 1911.

1. SHERIFF'S TAX DEED: Prima-Facie Evidence of Title. A tax deed void on its face is not prima-facie evidence of title; and in that case, Sec. 7684, R. S. 1889, is of no avail, and no title passes.

2. ————: Failure to Recite Amount of Bid. The sheriff's tax deed is not void because it does not recite, as in ordinary sheriff's deed for land sold under execution, that the purchaser bid a certain sum for the land, if it does recite that the purchaser was the highest and best bidder, and that $250 was paid by him to the sheriff, and in consideration thereof the conveyance is made.

3. ————: 306 Acres for $21.19 Taxes. The sale of 306 acres of land for $250 to satisfy a judgment for taxes for $21.19, where the lands were all owned by the same persons and lay in the same section, was irregular, and might for that reason be set aside in a direct proceeding for that purpose; but the deed is not void, and in a suit to ascertain and determine the title cannot, because of the irregularity, be held to be invalid and void on its face.

4. ————: Abbreviations. A tax deed is not void because it uses abbreviations in the description of the lands which are well understood, such as "SW¼ and W½ of NW¼," etc.

5. ————: Using Printed Form. The use of a printed form so prepared as to be appropriate where several tracts were involved, and the failure to change certain expressions therein so as to avoid confusion, for instance, such expressions as "upon each of the above tracts," when the land was evidently assessed as one tract, amount to a slight irregularity, but do not render the tax deed void.

6. ————: ————: Figures in Wrong Column. Writing the aggregate of the taxes due in the column headed "Interest" instead of in the column headed "Taxes" is a clerical error.

7. ————: No Showing of Taxes for Separate Years. A tax deed is not void for that it fails to show the amount of taxes due for each of the two years sued for, thus, "Year 1894, $————; year 1895, $————; total, $21.19." If the petition and the tax bill show the taxes for each year (and they may be used in aid of the judgment), the tax deed will not for that irregularity be held invalid in a collateral proceeding.

8. ———: **No Showing of Amount of Taxes Due Against Each Tract.** Nor will the tax judgment be held invalid in a collateral proceeding because it does not "state the amount of taxes and interest found to be due upon each tract or lot," as the statute requires, although that is an important requirement, since each tract is liable for its own taxes.[Following Jones v. Driskell, 94 Mo. 190.]

9. ———: **Order of Publication: Wrong Name: Kitie for Catharine.** An order of publication directed to Kitie A. Vigar is not a sufficient notice to Catharine A. or Katie A. Viger. Kitie is not a diminutive of or derivative from Catharine. Neither Katie A. Vigar nor Catharine A. Vigar was required to appear to such a notice. The law requires strict accuracy in the first name, though it may disregard the middle name or initial.

10. **TITLE: Set Out in Answer: Not Admitted by Reply.** Where defendant set out his chain of title in his answer but offered no proof thereof, his title is not admitted by the pleadings, where there is a reply denying each and every allegation of the answer.

Appeal from Stoddard Circuit Court.—*Hon. J. L. Fort*, Judge.

REVERSED AND REMANDED (*with directions*).

*Henry S. Shaw, Ralph Wammack* and *N. A. Mozley* for appellant.

(1) The court erred in excluding the sheriff's deed as evidence of plaintiff's title. The sheriff's deed is, in form and substance, in compliance with the statute and its recitals are prima-facie evidence of their truth. R. S. 1889, sec. 4954; Lewis v. Curry, 74 Mo. 49; R. S. 1889, sec. 7684; Hall v. Kleipzig, 99 Mo. 89; Cruzen v. Stevens, 123 Mo. 346. Mere irregularities will not ordinarily invalidate a sheriff's deed. 17 Am. and Eng. Ency. Law (2 Ed.), 1033; Wilhite v. Wilhite, 53 Mo. 74; Hall v. Kleipzig, 99 Mo. 83; Freeman on Executions (3 Ed.), sec. 43. The description of the land in the deed is sufficient. R. S. 1889, sec. 7707; R. S. 1889, sec. 9328;

Lowe v. Ekey, 82 Mo. 291; State ex rel. v. Vaile, 122 Mo. 48. Even though a judgment for taxes due for several years is rendered *in solido* for the aggregate amount of all taxes due it is not a void judgment, and cannot be attacked collaterally. State ex rel. v. Hunter, 98 Mo. 386; Jones v. Driskell, 94 Mo. 191; Boyd v. Ellis, 107 Mo. 394; Gray v. Bowles, 74 Mo. 419; Stevenson v. Black, 168 Mo. 549; Brown v. Walker, 11 Mo. App. 226; Morrison v. Turnbaugh, 192 Mo. 427; Brown v. Walker, 85 Mo. 262. The failure of the sheriff to sell the land by its smallest legal subdivision will not invalidate the sale. Wellshear v. Kelley, 69 Mo. 343; Brown v. Walker, 85 Mo. 262, 11 Mo. App. 226. The sale of the land for a greater amount than the amount of taxes and costs will not invalidate the sale. R. S. 1889, sec. 7685. The notice of publication was amply sufficient, and for greater length of time than the law required. Hayward v. Russell, 44 Mo. 252; Young v. Downey, 150 Mo. 317; Russell v. Grey, 164 Mo. 69. (2) The defendant's remote grantor is estopped from setting up a claim to this land now, and defendant having had actual notice of the facts constituting such estoppel is equally estopped. Parties cannot accept the value of land, acquiesce in the sale for years, and then recover the land from the vendee. Barnett v. Smart, 158 Mo. 167; Society v. Murray, 145 Mo. 622; Austin v. Loring, 63 Mo. 22; Moore v. Rogers, 99 S. W. 1023; Flesh v. Lindsay, 115 Mo. 1. (3) The court erred in rendering any decree for the defendant, because of an utter absence of evidence to support it. It devolved upon the defendant to prove by competent testimony, not only that plaintiff's title was invalid, but that his title was valid. The allegations of an answer are not proof of them, they must be supported by some kind of testimony. The obligation to prove any fact is upon the party who asserts the affirmative of the issue. Glover v. Henderson, 120 Mo. 367. The will of Nathan T. Thurber

devised a fee in the land to his wife, Carrie E. Thurber. Lee v. Moore, 93 S. W. 911; Gardner on Wills, 466; Bernstein v. Bramble, 99 S. W. 682; 2 Redfield on Wills, p. 278; Stowell v. Hastings, 59 Vt. 494; Rena v. Meier, 29 Am. Rep. 495; Roth v. Rauschenbusch, 173 Mo. 252; Underwood v. Cave, 176 Mo. 1; 30 Am. and Eng. Ency. Law, 750; Tebow v. Dougherty, 103 S. W. 985; Cross v. Hoch, 149 Mo. 325; Collier's Will, 40 Mo. 287; Grace v. Perry, 197 Mo. 550; Gannon v. Pauk, 98 S. W. 474; Hardaker's Estate, 204 Pa. St. 181.

*John C. Brown* and *C. L. Keaton* for respondent.

(1) This is an action at law tried by the court sitting as a jury, and as no declarations of law were given or refused there is nothing before the court except the sufficiency of the pleading and judgment, and these being regular the judgment should be affirmed. Smith v. Royse, 165 Mo. 658; Jordan v. Davis, 172 Mo. 608; Bank v. Barbee, 198 Mo. 471. (2) In his brief, appellant insists that there is no substantial evidence to support the finding of the trial court, but his motion for new trial does not raise this issue, and he cannot urge it here. Sec. 640, R. S. 1899; Blakely v. Railroad, 79 Mo. 389; Ringo v. Railroad, 91 Mo. 671; Putnam v. Railroad, 22 Mo. App. 589; State v. Morton, 42 Mo. App. 64. (3) The appellant's reply to respondent's answer simply denying "all new matter" in said answer is worthless as a reply, and did not put in issue the title set up by respondent in his answer, and he was entitled to a decree on the pleadings, and the presumption is that the court gave "judgment upon the answer, which is the province of the court." Young v. Schofield, 132 Mo. 661; DeZell v. Fidelity Co., 176 Mo. 279; Betz v. Tel. Co., 121 Mo. App. 478. (4) In this action to try title under R. S. 1899, sec. 650, plaintiff must recover, if at all, upon the

strength of his own title. And if defendant showed that plaintiff's tax title from the common source is void, the plaintiff was not entitled to any decree, and it is none of his concern where the title may be, but the record shows it to be in respondent. Wheeler v. Land Co., 193 Mo. 291; Machine Works v. Bowers, 200 Mo. 236; Dixon v. Hunter, 102 S. W. 972. (5) Plaintiff's claim of title is based solely on a sheriff's tax deed, dated March 9, 1898, purporting to convey only the interest of the "heirs at law of Nathan T. Thurber, deceased," and, if invalid, is worthless in an assault on respondent's title under the will of Nathan T. Thurber, deceased. Hartman v. Hornsby, 142 Mo. 375; Hudenton v. Loring, 6 Tex. Civ. App. 122; Rowe v. Cattle Co., 99 Mo. App. 163; Blackwell on Tax Titles, pp. 53 and 68. (6) The tax proceeding against the heirs of Nathan T. Thurber, deceased, whose correct names are set out in the deposition of Carrie E. Thurber and in the will of Nathan T. Thurber, deceased, is absolutely void for the reason that the heirs, the three children, married daughters, were not made parties defendant by their correct names. Mary A. Leman is misnamed Mollie H. Lemen, Katie Antoinette Viger is misnamed Kitie A. Vigar, Hattie E. Stone is misnamed Birdie E. Stone; not a single Christian name is correctly given, and the only surname correctly given is "Stone." Mary A. Leman is misnamed Mollie H. Lemen (*men* instead of *man*); Katie Antoinette Viger (Vigur or Vijur, the "ger" as in Gertrude, gurtrude, or as in German, jurman), is misnamed Vi*gar* as in *gar*fish, *and the Christian name* Kitie used instead of the true name Katie Antoinette. Hattie E. Stone is misnamed Birdie E.; and "the substituted service of process is void and valueless as if a blank had been left where the wrong name is inserted." Campbell v. Johnson, 65 Mo. 439; Powell v. Greenstreet, 95 Mo. 15; Troyer v. Wood, 96 Mo. 478; Evarts v. Lumber Co., 193 Mo. 451; Burge v. Burge,

94 Mo. App. 26. (7) The collector and his attorney knew that Carrie E. Thurber was the widow of Nathan T. Thurber, deceased. They knew that the taxes for 1894 and 1895 accrued, became delinquent and defaulted against Nathan T. Thurber, during his lifetime, and that he left three heirs, as shown on the face of the proceedings. They also knew that under R. S. 1889, secs. 4513, 4525, Carrie E. Thurber's dower and life estate in the land in controversy could not be sold for his debt, the delinquent taxes of Nathan T. Thurber, deceased. So plaintiff's tax deed is absolutely void as to Carrie E. Thurber's dower life estate. R. S. 1889, secs. 4513, 4525; Blevins v. Smith, 104 Mo. 593; Bartlett v. Tinsley, 175 Mo. 322; Myers v. Hansbrough, 100 S. W. 1137; Keeney v. McVoy, 103 S. W. 946. (8) Neither the husband's curtesy nor the widow's dower can be taken under a judgment and execution for the debts of the deceased party. Carrie E. Thurber was sued simply as an heir of Nathan T. Thurber, deceased, as shown by the record, plaintiff's petition in tax suit and plaintiff's sheriff's deed. And her dower interest was not before the court, and as she was not an heir, and had no estate as an heir, the proceedings were absolutely void as to her. "A party is not entitled to a judgment on a finding of facts different from any theory of the case set up in the petition." "It is equally as well settled that a party cannot state one cause of action in the petition and recover upon another." Schneider v. Patton, 175 Mo. 722; Roden v. Helm, 192 Mo. 93. (9) Carrie E. Thurber was not sued as a legatee and devisee under the will, but even if she had been the tax sale would have conveyed no title for these back taxes. "Where an express life estate is created, an added power of disposition does not convert the estate into a fee." It is a mere power which enables her to give or convey the estate to whom she pleases. "Which the law holds to be a mere power." And it is well settled that the

widow has no estate in the land "which can be sold under execution." Waller v. Mardus, 29 Mo. 26; Grace v. Perry, 197 Mo. 550.

FERRISS, J.—This is a suit to define and quiet the title to a tract of land comprising about three hundred and six acres, in section 4, township 23, range 12, Stoddard county, Missouri. The action was originally brought by plaintiff, John N. Miller, against one C. L. Medley, as sole defendant, the original petition being filed January 24, 1902, returnable to the March term, 1902, of the circuit court of said county. Afterwards, on March 27, 1902, Samuel F. Campbell became the owner of a one-half interest in the lands, and on September 1, 1902, purchased the other half from Carrie E. Thurber. On February 2, 1904, plaintiff filed his amended petition, making C. L. Medley, Berlin Stafford, Mary V. McShane and Samuel F. Campbell parties defendant, but the case was dismissed as to the three last-named defendants. Defendant Medley answered, but he abandoned the case, and his pleading is not, therefore, incorporated in the abstract of the record.

At the March term, 1904, of said court, the respondent, C. L. Keaton, on his own motion, was made a party defendant to the action, and filed his answer to the petition. He states in his answer that he enters his appearance as defendant in the cause, instead of Samuel F. Campbell, and that he had purchased all the right, title, interest and estate of the said Campbell in and to the real estate in plaintiff's petition described. The defendant avers in his answer that he is advised and believes that plaintiff's claim to said real estate is based on a void tax deed, and that the defendant is owner in fee absolute of said real estate, and then claims and deraigns his title as follows: Patent from the United States to the State of Missouri; patent from the State to the county of Stod-

dard; patent from said county to Henry H. Bedford; warranty deed from Bedford to Nathan T. Thurber; Nathan T. Thurber, by last will and testament, to Carrie E. Thurber, with full power to sell and dispose of said property, and to his children, Hattie E. Stone, Katie Antoinette Vigar and Mary A. Lemen; quitclaim deed from Carrie E. Thurber, Parmelia L. Stone, and Harry L. Stone, her husband, conveying an undivided one-half interest in said real estate to Samuel F. Campbell; quitclaim deed from Carrie E. Thurber, conveying the other undivided one-half interest to Samuel F. Campbell; special warranty deed from Samuel F. Campbell and Anna M. Campbell, his wife, dated February 19, 1904, to the defendant, C. L. Keaton.

Plaintiff's reply to defendant Keaton's answer denied each and every allegation, averment and statement of new matter therein contained.

Plaintiff offered in evidence, as the basis of his title, a deed dated March 9, 1898, from James A. Evans, sheriff of Stoddard county, conveying to plaintiff the land in controversy, said deed being admitted by the court subject to defendant's objections.

Defendant introduced in evidence, over plaintiff's objections, the deposition of Carrie E. Thurber, as folows:

"My name is Carrie E. Thurber; I am seventy years of age. I live at Lansing, Michigan. I am the widow of Nathan T. Thurber, late of Detroit, Michigan. Nathan T. Thurber, my husband, died at Detroit, Michigan, March 19, 1896. I am his widow, and his heirs, other than myself, at the time of his death, were Mary A. Thurber, a daughter, wife at the time of A. H. Leman; Katie A. Thurber, a daughter, wife at the time of E. R. Viger, and Hattie E. Thurber, a daughter, wife at the time of Harry L. Stone. They were all alive in June, 1897, and are still living. I sold section 4, township 23, range 12, Stoddard coun-

ty, Missouri, to S. F. Campbell, in September, 1903. None of the other heirs signed the deed.''

Defendant next offered in evidence the will of Nathan T. Thurber, dated March 14, 1896, the portion of said will relating to the devise of testator's land being as follows:

''After the payment of all my just debts and funeral charges, I give, bequeath and devise all my real and personal estate, wherever situated, as follows:   I give, devise and bequeath to Katie Antoinette Viger and Austin H. Lemen, trustees for Nathan E. Viger, Harold T. Viger, and Edward R. Viger, Jr., the sum of fifteen hundred dollars, said sum to be invested by said trustees and to be divided and distributed among my grandchildren named, viz: Nathan E. Viger, Harold T. Viger and Edward R. Viger, Jr., as follows: The sum of fifteen hundred dollars, with interest thereon, to be paid to each of said grandchildren when he shall have arrived at the age of twenty-two years. In case of death of either of said grandchildren before arriving at the age of twenty-two years, then and in that case I direct that the share of such grandchild shall be and belong to the surviving grandchildren named herein, it being the intention hereby to provide that said total sum shall go to said grandchildren, or to the survivor of them.

''Second.   After the payment of the foregoing, bequests, I give, devise and bequeath all the remainder and residue of my property, both real and personal, of every kind and nature, wherever situated, to my wife, Carrie E. Thurber, for the term of her natural life, with full power to sell and dispose of the same for her support, maintenance and for any other purpose whatsoever, as she shall see fit, it being my intention that she shall have the same right to use, dispose of and convey said property as though the same were bequeathed to her forever.

"Third.  After the death of my said wife, Carrie E. Thurber, I give, devise and bequeath all the residue and remainder of my property, both real and personal, not disposed of by my said wife during her lifetime, to my three daughters, Hattie E. Stone, Katie Antoinette Viger and Mary A. Lemen, in equal shares, and to their heirs and assigns forever."

Defendant next offered in evidence the petition and back taxbill, order of publication and affidavit for order of publication as and for a supplied record in the case of State ex rel. A. L. Harty v. Carrie E. Thurber, Mollie H. Lemen and Austin H. Lemen, her husband, Katie A. Viger and Edward E. Viger, her husband, Birdie E. Stone and Harry L. Stone, her husband, heirs at law of Nathan T. Thurber, deceased, being tax suit No. 18 for taxes due for the years 1894 and 1895, amounting to $21.19, on land alleged in the petition to be owned by said parties, and described as "Tract No. 1, SW 1-4 and W. 1-2 of NW 1-4 and NW 1-4 of SE 1-4 and W 1-2 of SW 1-4 of SE 1-4 of section 4, township 23, range 12."

This was the suit in which, on the 23d day of November, 1897, judgment for taxes was rendered against the defendants therein named, and under which judgment the sheriff of Stoddard county sold the land to the plaintiff, John N. Miller.

The findings and judgment of the court were as follows:

"That the plaintiff claims title from the common source, Nathan T. Thurber, by virtue of a sheriff's deed in a tax suit to enforce the State's lien against the land sued for, dated March 9, 1899. The court doth find that said deed is void and conveys no title in and to the premises, for the reason that the court in said tax proceedings did not obtain jurisdiction, and its judgment is void and subject to collateral attack.

"The court further finds that the said C. L. Medley doth claim title through a sheriff's deed dated

September 19, 1868, by mesne conveyances. That said deed is void and conveys no title. And the court doth further find that defendant C. L. Keaton claims and holds title from the common source, Nathan T. Thurber, by and through his last will and testament and mesne conveyances thereunder, by a regular chain of title, and hath the regular and true title to the premises in the petition described.

"The court doth therefore and thereupon order, adjudge and decree that the title to said premises, to-wit, the southwest quarter and the west half of the northwest quarter and the northwest quarter of the southeast quarter and the west half of the southwest quarter of the southeast quarter of section 4, in township 23, range 12 east, be determined and vested in the defendant, C. L. Keaton, and that he recover the same together with his costs in this behalf, and that he have execution against the plaintiff."

Plaintiff's motions for new trial and in arrest having been overruled, he saved his exceptions and appealed to this court.

Plaintiff insists that the sheriff's deed under which he claims title is in form and substance a compliance with the statute, and its recitals prima-facie evidence of their truth.

I. Section 7684, Revised Statutes 1889, provides that when land is sold by the sheriff under a judgment and *fieri facias* for back taxes, "the sheriff shall execute to the purchasers of real estate under this chapter a deed for the property sold, which shall be acknowledged before the circuit court of the county or city as in ordinary cases, and which shall convey a title in fee to such purchaser of the real estate therein named, and shall be prima-facie evidence of title, and that the matters and things therein stated are true."

The defendant contends that the sheriff's deed in this case is void upon its face. If that be true, the

statute quoted is of no avail, and no title passed by the deed. The objection is that the deed does not show that anything was bid for the land at the sheriff's sale, and does not recite, as in ordinary sheriff's deeds for lands sold under execution, that the purchaser, "being the highest and best bidder for said real estate, at the price and sum of  .  .  .  dollars, the same was stricken off and sold to said (purchaser) for that sum." The deed, however, does recite that "John N. Miller, being the highest and best bidder for the following described real estate [describing the land in question], the said last above described tract was stricken off and sold to the said John N. Miller for the sum bid therefor by him as above set forth. Now, therefore, in consideration of the premises, and the sum of two hundred and fifty dollars to me, the said sheriff, in hand paid by said John N. Miller, the receipt of which I do hereby acknowledge,  .  .  .  I, James A. Evans, sheriff as aforesaid, do hereby assign, transfer and convey to the said John N. Miller, all of the above described real estate so stricken off and sold to him," etc. Thus, by the subsequent recitals in the deed, it is shown that the bid for the land was two hundred and fifty dollars; and when the deed is considered altogether, it is, in respect of the matter complained of, in substantial compliance with the statute.

The deed shows upon its face that the land was sold in a lump, while as contended by defendant, the several tracts should have been sold separately, and only enough sold to satisfy the judgment. This land all lies in the same section, and at the time of its assessment the land all belonged to the same persons. Therefore, under section 7553, Revised Statutes 1889, which required all land owned by the same person in the same section, or lands so owned in the same block, to be consolidated and treated as one tract or one lot,

236 Sup.—45

the land was properly assessed as one tract; but it does not follow that the sale of it as one tract was proper.

Another objection to the deed is that it shows that the judgment under which the land was sold was only for twenty-one dollars and nineteen cents, and the amount which the land brought at the sale was two hundred and fifty dollars, an amount greatly in excess of the judgment. Section 7683, Revised Statutes 1889, provides as follows:

"The judgment, if against the defendant, shall describe the land upon which taxes are found to be due; shall state the amount of taxes and interest found to be due upon each tract or lot, and the year or years for which the same are due, up to the rendition thereof, and shall decree that the lien of the State be enforced, and that the real estate, or so much thereof as may be necessary to satisfy such judgment, interest and costs, be sold, and a special *fieri facias* shall be issued thereon, which shall be executed as in other cases of special judgment and execution, and said judgment shall be a first lien upon said land."

While the great difference between the amount of the judgment and the amount which the land brought at the sale strongly indicates that much more of the land was sold than was necessary to satisfy the judgment and costs, the sale was not for that reason void, but irregular, and might have been set aside in a direct proceeding for that purpose. [Yeaman v. Lepp, 167 Mo. 61.] Nor is the deed void because of the use of abbreviations which are well understood in describing land. [Sec. 7707, R. S. 1889.] In State ex rel. v. Vaile, 122 Mo. 33, it is said abbreviations in assessment rolls being in every day use and well understood, are sufficient.

II. The deed of the sheriff was evidently upon a printed form so prepared as to be appropriate where several tracts were involved. That such form was used is apparent from an inspection of the certi-

fied copy exhibited to us. Some confusion appears because of the use of this form. It is, however, clear that the land was assessed as one tract and was so treated throughout the proceedings. The expression in the deed, "upon each of the above tracts," is found in the printed form. The failure to change the form presents a slight but not serious irregularity. So the writing in the aggregate of the taxes in the column headed "Interest" instead of the one headed "Taxes" is an obvious clerical error.

III.   Defendant contends that the sheriff's deed is void on its face by reason of its failure to show the amount of taxes delinquent for each of the years 1894 and 1895.   The deed shows the aggregate of the taxes for the two years in the following form:   "Year 1894, $——; year 1895, $——; total, $21.19."

Sections 7682, 7683, Revised Statutes 1889, require the petition in a tax suit to "show the different years for which taxes are due," and that the same matter shall be set forth in the authenticated tax bill filed with the petition.   The judgment is required to state the amount of the taxes "and the year or years for which the same are due."   The judgment rendered in the tax suit was not put in evidence.   Respondent, however, introduced a copy of the petition in the tax suit together with the authenticated tax bill, which severally state the amount of the taxes for each fund and for each year separately.   Assuming, as we must, that the sheriff's deed correctly recites the judgment, does the fact that the judgment states the aggregate of the taxes for the two years, and not the amount for each year separately, invalidate the judgment?   The statute does not say in terms that the judgment should state the amount due for each year separately.   It says that the judgment shall state the amount of the taxes, "and the year or years for which the same are due."   The judgment here, as recited in the sheriff's

deed, states the aggregate amount of the taxes, viz., $21.19, for the years 1894 and 1895.

It is claimed that this court has in two cases construed the statute to mean that the judgment must state the amount due for each year separately, and we are cited to Bland v. Windsor, 187 Mo. 108, and Cooper v. Gunter, 215 Mo. 558. Neither of these cases involves the point under discussion. In Bland v. Windsor a judgment was rendered for the taxes of 1897, when the action was predicated upon the taxes for 1876. It was held by Fox, J., that the judgment was invalid because it did not correctly state the year for which the taxes were due. In other words, the judgment was upon a cause of action not stated in the petition.

In Cooper v. Gunter, supra, the judgment did not state the year or years for which the taxes were due, and the judgment was held bad because it omitted the year or years entirely. That case, however, contains a significant intimation that if the petition had stated the years for which taxes were due, then the defect in the judgment might be supplied by reference to the petition. In the case at bar we have both the petition and tax bill, and they both correctly state the taxes due for each year separately; so that, upon the whole record, the facts required by statute appear. In State ex rel. Waters v. Hunter, 98 Mo. 386, it is said by Barclay, J., that "a judgment may properly refer for particulars to other parts of the record;" in that case, to the finding of the court. Taking what is said by Valliant, J., in Cooper v. Gunter, supra, together with the above holding by Barclay, J., we have sufficient authority to hold that the omission in the judgment of the separate amount of each year's tax may be supplied by reference to the petition and tax bill. We are not disposed, however, to rest our opinion upon that ground. We think the defect in the judgment is a mere irregularity, not available to the defendant

in this proceeding. The statute above referred to (Section 7683, R. S. 1889) provides in express terms that the judgment ''shall state the amount of taxes and interest found to be due upon each tract or lot.'' This would seem to be a more important requirement than that the judgment should state the year or years for which taxes are due, inasmuch as each tract is liable for its own taxes. In Jones v. Driskill, 94 Mo. 190, it was held by this court that the failure of the judgment to find the amount due on each tract separately was erroneous and subject to correction on appeal; yet, BRACE, J., speaking for the court (p. 199) says: ''It is not void, and having been rendered by a court having jurisdiction of the person and subject-matter, the title of a purchaser of property bought at execution sale under such judgment is not affected by such error.'' We regard this case as establishing the law of this State, and have no disposition to depart from the rule declared therein. The above case of State ex rel. v. Hunter went further, holding valid a judgment for taxes which aggregated the taxes due on several tracts for several years, because in the finding of the court the tracts of land, with the amount due on each tract, were set out separately. In that case the finding itself in stating the taxes due on two of the tracts aggregated the taxes for several years, as was done in the case at bar. We do not think it necessary in this case to go as far as to hold that the judgment was entirely regular. It is sufficient to hold that it is good in a collateral proceeding. In Brown v. Walker, 11 Mo. App. 226, THOMPSON, J., discusses at length the subject of irregularities in tax judgments, and his opinion in that case was adopted by this court (85 Mo. 262). See also, Morrison v. Turnbaugh, 192 Mo. 427.

IV. The other questions raised by defendant as to the validity of the sheriff's deed are disposed of in favor of the plaintiff by the decision of this court in the case of Keaton v. Jorndt, 220 Mo. 117.

V. In the above case of Keaton v. Jorndt, the court holds that the sheriff's deed conveyed the interest of Katie A. Viger. In that case there was no question raised as to misnomer in the order of publication. In this case the original abstract prepared by the appellant shows that she was named in the order of publication as *Kitie* A. Viger. The abstract filed subsequent to the order granting a rehearing states that the name was published as *Katie* A. Vigar. The defendant asserts that the statement in the original abstract is correct. We have no transcript of the record, the case having come up on the short form. If defendant correctly states the facts, we think the notice by publication was bad as to Katie A. Vigar as well as to the other daughters who were incorrectly named, as held in Keaton v. Jorndt, supra, Mary A. Leman being misnamed Mollie H. Leman, and Hattie E. Stone as Birdie E. Stone. The true name of Mrs. Vigar was Katie A. "Kitie" is not *idem sonans* with "Katie;" nor is it recognized as being with Katie a diminutive of Catharine. See Standard Dictionary (Funk & Wagnalls), where Katie, Kit and Kitty are given as the derivatives. This court has steadily maintained the doctrine that the given name—the first name—must be correct in an order of publication. We have held that a change in or omission of the middle name or initial is unimportant. This on the theory which comes to us from the common law that such middle name or initial is no part of the name; in other words, that in law there is only one given name. [Howard v. Brown, 197 Mo. l. c. 46, and cases cited; Nolan v. Taylor, 131 Mo. 229.] So far as the first name is concerned, however, the law, as heretofore held by this court, requires strict accuracy. [Ohlmann v. Sawmill Co., 222 Mo. 62.] Where substituted service is employed, it is not a question of actual notice. One may know that a suit is pending against him, but he is entitled to such service as the

law directs before he is required to appear, and without such service the court acquires no jurisdiction of his person. Personal service cannot be had by service upon some other person, and substituted service cannot be had upon one by some other name than his true name. Kit and Kitty are common substitutes for Kate and Katie; but Kitie is unusual, not given as a derivative from Catharine, and not similar in sound to Katie. It is not Katie, nor is it *idem sonans* with Katie. The following rule was laid down by this court in Simonson v. Dolan, 114 Mo. 1. c. 179: "The rule established by the authorities is that names are *idem sonans* if the attentive ear find difficulty in distinguishing them when pronounced, or common and long continued usage has by corruption or abbreviation made them identical in pronunciation. . . . It is not absolutely necessary that the names should be spelled alike, so that the pronunciation is the same."

VI. In his answer defendant sets out his claim of title, but made no proof thereof. He now claims that the reply did not put in issue the facts alleged in the answer. The reply was as follows: "Now comes the plaintiff for reply to the new matter in co-defendant Keaton's answer herein denies each and every allegation, averment and statement therein contained." We think this was a good reply. The case, therefore, stands without proof of defendant's claim of title.

VII. We have no satisfactory basis for a final judgment upon the nature and extent of the interests of the parties. We reverse the judgment and remand the cause, with directions to the circuit court to enter a judgment in favor of plaintiff, vesting in him the title to whatever interest Carrie E. Thurber had in the lands acquired under the sheriff's deed, and also vesting in him the title to the interest of Katie A. Vigar, if the evidence shows that in the order of publication her true name is correctly written as Katie A. Vigar; such

judgment to ascertain and declare the nature and extent of the title so acquired by plaintiff. We further direct the circuit court by its judgment to ascertain and declare, upon proper proof, whether the defendant has acquired any interest in said lands, and if so, the extent and nature thereof.

*Kennish, P. J.,* concurs; *Brown, J.,* not sitting.