HENRY　HEBERLING · et al.　v.　WILLIAM
MOUDY, Appellant.

Division Two, December 31, 1912.

1. ORDER OF PUBLICATION: Publication in Supplement to Newspaper. Service by publication upon which the circuit court rendered its judgment ordering land to be sold for taxes, and under which the land was sold, will not be held invalid, in a suit to quiet title, because it was published in a supplement to

a newspaper and not in the paper itself, where it appears that the supplement consisted of an additional sheet or sheets folded in with the paper and sent out with it, as a part of it, with each issue and to all subscribers, except that, when the number was a little short, "dead-heads" or persons who received complimentary copies might not receive the supplement, and for that matter, sometimes might fail to receive the paper at all.

2. ————: Herberling for Heberling: Not Idem Sonans. A sale of land under a judgment for taxes based upon an order of publication running against Henry Herberling, did not devest the title out of the record owner, Henry Heberling. The names are not *idem sonans*; they are not of common derivation, and there is no evidence that the one is a corruption of the other in general use.

Appeal from Reynolds Circuit Court.—*Hon. Joseph J. Williams,* Judge.

AFFIRMED (*in part*).

*Z. C. Smith* and *J. B. Daniel* for appellant.

(1) The fact that the orders of publication mentioned in the evidence were published in a supplement to or extra sheet of a newspaper and not on one of the two pages usually edited and published by the editor and publisher of that paper is not material and does not render the service invalid. Morton v. Horton, 189 N. Y. 398; Mann v. Carson, 120 Mich. 631; Zahradnicek v. Selby, 15 Neb. 579; Whitney v. Bailey, 92 N. W. (Minn.) 974; Taylor v. Reid, 103 Ill. 349; Black on Tax Titles (3 Ed.) p. 240, side p. 243; 37 Cyc. 1327, par. 3; 27 Am. & Eng. Ency. Law, p. 826. (2) Courts of record are presumed to have acquired jurisdiction in all cases wherein they assume to act, and the burden of proof is on him who attacks their jurisdiction. 11 Cyc. 691; 23 Cyc. 1078; Wall v. Holladay-Klotz Co., 175 Mo. 406; Wise v. Loring, 51 Mo. App. 258. (3) Under the public policy of this State the jurisdiction of courts of record will not be denied,

judgments set aside and titles long at rest disturbed, except upon positive, clear and convincing proofs. 23 Cyc. 1028; 11 Cyc. 691.  (4) It would be a gross violation of public policy to hold that orders of publication in suits for taxes published in supplements to newspapers did not give the courts jurisdiction when far more titles rest upon orders published in that way than upon orders published otherwise, especially when the bar of the State and the people for more than thirty years have accepted such titles and relied upon them as sufficient. Mangold v. Bacon, 237 Mo. 496; Shelton v. Franklin, 224 Mo. 342.  (5)  That names are *idem sonans,* regardless of the addition or omission of the letter "r" after a vowel, see the following cases:  Taylor v. State, 72 Ark. 613; City of Detroit, v. Macier, 17 Mich. 76; Tel. Co. v. Waford, 97 S. W. 324; Sparza v. Bank, 104 N. Y. 260; Harrel v. Neef, 80 Kan. 348; People v. Harrison, 112 Ga. App. 713; Wilkerson v. State, 13 Mo. 91; State v. Havely, 21 Mo. 498; Railroad v. Daniels, 1 Tex. Civ. App. 695; Land Co. v. Land Co., 25 S. W. 1089; Lane v. Innes, 43 Minn. 137; Moore v. Anderson, 8 Ind. 18; People v. Gosch, 82 Mich. 22; Land Co. v. Dooly, 33 Tex. Civ. App. 636; Felker v. New Whatcom, 16 Wash. 178; Schooler v. Asherst, 1 Litt. (Ky.) 216; Miller v. State, 110 Ala. 69; Salinas v. State, 39 Tex. Cr. App. 319.

*Arthur T. Brewster* and *Sam M. Brewster* for respondents.

(1) The court properly held that the four tax deeds were void for the reason that the judgments on which they were based were rendered by the court without jurisdiction of the record owner, for the reason that the orders of publication in said tax suits were not published in a newspaper as required by the statute.  "The statute requires the order to be published in a newspaper, it does not say that a supple-

ment to a newspaper will do.'' Land & Mining Co. v. Land & Cattle Co., 187 Mo. 420; Sec. 1777, R. S. 1909. (2) Proof that an order was published in a supplement is insufficient, without showing what the supplement is and that it is circulated co-extensively with the paper itself. 27 Am. & Eng. Ency. Law, p. 826; Davis v. Simms, 4 Bibb (Ky.), 465; Tully v. Bauer, 52 Cal. 487; Zahradnicek v. Selby, 15 Neb. 579; Blackwell on Tax Titles, p. 243. (3) The sheriff's deed purporting to convey the southeast quarter of section 27, township 29 north, range 2 east, is void for the reason that H-e-b-e-r-l-i-n-g and H-e-r-b-e-r-l-i-n-g are not *idem sonans*. Miller v. Medley, 236 Mo. 694.

BLAIR, C.—This is an appeal from a judgment for plaintiffs in the circuit court of Reynolds county in an action to quiet the title to section twenty-seven, township twenty-nine north, range two east. The petition is in the usual form under section 2535, Revised Statutes 1909. The answer admits defendant's claim of title, avers his ownership, denies all unadmitted allegations of the petition and sets up the ten-year Statute of Limitation. Plaintiffs' title rests upon a tax deed recorded February 10, 1881, and defendant claims under separate tax deeds to each quarter of section twenty-seven, all executed November 25, 1896, and each of them reciting a judgment of the circuit court against Heberling and others for taxes on the quarter section conveyed and a sale under such judgment. The service in these suits was by publication, Heberling et al. being non-residents, and no objection is made to the form of the publication, except as to that in the suit affecting the southeast quarter, in which the publication ran against Herberling instead of Heberling. Plaintiffs attacked the sufficiency of all the notices on the ground they were published in a *supplement* to the ''Centerville Reformer'' and not in the paper itself, and, also, contend the publication

in the case affecting the southeast quarter was insufficient by reason of the fact Heberling's name was misspelled therein. The testimony of the editor and publisher of the "Centerville Reformer" was to the effect that the so-called "supplement" consisted of an additional sheet or sheets folded in with the paper and sent out with it, as a part of it, with each issue and to all subscribers. On being somewhat rigidly examined by plaintiffs' counsel, the witness admitted he could not then (fifteen years after the event) swear a supplementary sheet or sheets went out with each copy, though he testified it was his intent and purpose to so send them, as much so as any other part of the paper. He also admitted there were occasions on which the number of "supplements" might have been a little less than that required and that on such occasions he sometimes omitted the "supplements" in copies of the paper sent to other newspapers. There was no evidence any such omissions occurred during the time the orders of publication involved in this case were running. The whole of the testimony shows that the so-called "supplement" was simply a part of the paper, an addition made necessary by the large number of orders of publication being published; that it was circulated with the paper as a part of it and went to all subscribers, except, when the number was a little short, "deadheads" or persons who received complimentary copies might not receive the supplement, and, for that matter, sometimes might fail to receive the paper at all.

I. The evidence offered to invalidate the publication was wholly insufficient. Waiving the question as to the competency of such evidence to show want of jurisdiction after the circuit court in the tax suits had rendered judgment on the service thus made (1 Black on Judgments, secs. 271, 263; McClanahan v.

*Order of Publication: Supplement to Newspaper.*

West, 100 Mo. 309; Hamer v. Cook, 118 Mo. 476), it is apparent that, at all events, the usual presumption attending the judgments of a domestic court of general jurisdiction cannot be overthrown by such evidence as that adduced in this case. The authorities cited in the briefs of counsel (which accompany this opinion) disclose that it is the general rule that publication in a supplement which is circulated fully with and as a part of a newspaper is sufficient. The burden of showing such circulation of a supplement is probably upon one who claims under a sale by a collector, auditor or county treasurer (as in some States) after a simple publication of the delinquent list and notice of sale, without judicial proceedings of any kind, but no such rule can apply to one who claims under a sale on a judgment of a circuit court of this State. Besides, the testimony of the publisher in this case not only fails to show any failure to circulate the supplement as fully as the rest of the paper, but shows, as nearly as testimony fifteen years after the event could well show, that the supplement was simply a part of the paper and was circulated with it as a part of it. To hold otherwise would, in effect, be to make the title to countless tracts depend solely upon the memory of publishers of papers that to each subscriber there was actually mailed a copy of the paper in which the publication appeared. The law does not require a publisher of a newspaper to issue, each week, the same number of pages, and the fact additional sheets are sent out as a part of the paper does not invalidate publications appearing in the added pages. There is no suggestion of fraud in the case and the facts render inapplicable those decisions relating to "extras" and "supplements" merely sold on the streets and not sent to the regular subscribers.

II. The names Heberling and Herberling are not *idem sonans*. They are not of common derivation

**Publication:**
**Idem Sonans.**

nor is there any evidence the one is a corruption of the other in general use. While both seem to be foreign names no evidence as to their pronunciation in any language was offered and the usual rules as to English pronunciation must be applied. Numerous cases are cited in which the introduction of the letter "r" after a vowel (as in this case) has been held innocuous. Some of these cases concern. names of common derivation, some disclose one of the names considered was a corruption of the other, and in others the introduction of the "r" did not change the sound of the vowel it followed. This case falls within none of these classes. The difference in sound is that between "he" and 'her,'' one the attentive ear finds no difficulty in recognizing. Some of the cases go far enough to support a holding that these names are *idem sonans,* but our own decisions (Simonson v. Dolan, 114 Mo. 176; State v. Havely, 21 Mo. 498; Miller v. Medley, 236 Mo. 694) announce the rule as stated which is generally accepted and nowhere directly controverted and the application of which must result in our holding the order of publication in the suit affecting the southeast quarter of the section to be bad and defendant's claim to that tract, therefore, unfounded.

The judgment is affirmed as to the last mentioned tract, and, as to the remainder of the land involved, it is reversed and the cause remanded with directions to enter judgment for defendant.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.