J. N. MILLER, Appellant, v. C. L. KEATON, Respondent.

Division Two, July 14, 1914.

**ORDER OF PUBLICATION:** Lost Files: Newspaper Itself as Evidence: Name of Party. Where, in a suit by Katie A. Viger to recover land, the old files and papers and judgment roll, including the order of publication in the tax suit, are shown to be lost, the trial court may permit the newspaper in which the order was printed to be introduced in evidence, as the best evidence obtainable, to show that the notice was directed to Kittie A. Vigar and not to Katie A. Viger.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

AFFIRMED.

*Henry S. Shaw, Mozley & Woody* and *Wammack & Welborn* for plaintiff-appellant.

(1) Where special directions have been given to the lower court by the appellate court upon remanding a cause it is out of the power of the lower court to open the cause for a new trial. Allen v. Chouteau, 74 Mo. 56; Bridge Co. v. Stone, 194 Mo. 175; Black on Judgments (1 Ed.), sec. 614; Smith v. Kiene, 231 Mo. 234; Spratt v. Early, 199 Mo. 500. Such being the law, the judgment in the tax suit being the foundation of plaintiff's title, it was a material issue in the first trial, was a part of it, and necessarily included in the judgment of the court, and cannot be considered again on this appeal. The recorded copy of the sheriff's deed has been expressly passed upon by this court, adversely to defendant's contentions in Miller v. Keaton, 236 Mo. 694. The deed from Carrie E. Thurber to Campbell cut out the remainder to her children. Russell v. Eubanks, 84 Mo. 82; Grace v. Perry,

197 Mo. 550; Lawless v. Kerns, 242 Mo. 392. The sheriff's deed conveyed a fee simple title to plaintiff, saving to all interested, who were not made parties, their day in court. R. S. 1889, sec. 7684. And conveyed the land and no particular interest in it. Stafford v. Fizer, 82 Mo. 393; Allen v. McCabe, 93 Mo. 138; Morey Co. v. Ice Co., 242 Mo. 241; Black, Tax Titles, sec. 421; Numan v. St. Joseph, 126 Mo. 89. The tax proceedings are notice of the lien. Flickenstein v. Baxter, 114 Mo. 493. It is not necessary that a deed under an execution follow the judgment, it is sufficient if it conforms to the execution. Wilhite v. Wilhite, 53 Mo. 71; Hall v. Kleipzig, 99 Mo. 83; Davis v. Kline, 96 Mo. 401; 1 Freeman on Executions (3 Ed.), sec. 43, p. 194; Stewart v. Severance, 43 Mo. 322. Antecedent records may be considered in determining the effect of a judgment. McDonald v. Frost, 99 Mo. 44. Sufficiency of the order of publication cannot be assailed in a collateral proceeding. Vincent v. Means, 184 Mo. 327. Plaintiff's deed is sufficient in form and substance. Miller v. Keaton, 236 Mo. 694. Defendant's so-called supplied files are incompetent for any purpose. George v. Middough, 62 Mo. 549; McClanahan v. West, 100 Mo. 309. Prior to the recording of the will of Nathan T. Thurber, the parties were properly named as his widow and heirs. Keith v. Keith, 97 Mo. 223.

*Keaton & Keaton* and *Phillips, Lentz & Phillips* for defendant-appellant.

(1) The rule is that a question of law determined on the prior appeal is concluded only when considered thereafter with reference to the same state of facts. If the essential evidence is thereafter supplied upon a retrial and a new state of facts appear, the prior ruling is by no means conclusive. Rutledge v. Railroad, 123 Mo. 131; Williams v. Butterfield,

214 Mo. 427; May v. Crawford, 150 Mo. 525; Crispen v. Hannovan, 86 Mo. 187; Vaughn v. Railroad, 78 Mo. App. 644; Smith v. Adams, 130 U. S. 167; Gardner v. Railroad, 150 U. S. 349; Bucher v. Railroad, 125 U. S. 555; Coal Co. v. Patting, 210 Ill. 342; Railroad v. Bentz, 108 Tenn. 670. (2) When this case was presented on a former appeal, the question of whether there had been a valid order of publication, such as gave the court jurisdiction, in the case of Harty, Collector of Revenue, v. Carrie E. Thurber et al., the tax suit upon which the plaintiff's deed for taxes is based, was not presented to this court, and was not passed upon in the first opinion. The judgment in that case, which is introduced in evidence on the last trial of this case, shows that whatever service there was in that case, was obtained by publication. The evidence shows that there was a paper, purporting to be an order of publication, published in the Bloomfield Vindicator. But the evidence further shows that there was no record or minute either by the court, or by the clerk in vacation, that any order of publication was ever made in that case. No publication appearing in the newspaper, however regular in form, can give the court jurisdiction unless the order appear in the records of the court. The order is the sole authority for the publication, and the evidence of it, which the law requires, is the record entry. Dick v. Foraker, 155 U. S. 413; Galpin v. Page, 18 Wall. 372; Cummings v. Brown, 181 Mo. 718. The statute requires that if the plaintiff shall state in his petition, or file an affidavit stating, that defendants or part of them are non-residents, etc., the court in which the suit is brought, or, in vacation, the clerk, shall make an order, etc. R. S. 1889, sec. 2022; R. S. 1909, sec. 1770. The statute defines an order, to-wit: "Every direction of a court or judge, made or entered in writing and not included in the judgment is an order, and an application for an order is a motion." R. S.

1909, sec. 2092. The statute further makes it the duty of every clerk of a court of record, to record the judgments, rules, orders, and other proceedings of the court, and make a complete alphabetical index thereto. R. S. 1909, sec. 2685. These sections of the statute, when considered together, clearly require the order of publication to be made a matter of record in the court where it is made, and there is no other construction to be put upon the opinion in Cummings v. Brown, supra. See also: Dick v. Foraker, 155 U. S. 413; Galpin v. Page, 18 Wall. 350. This must be so, because the rule is an inflexible one in this State, that acts of a court can only be shown by its record. Cummings v. Brown, 181 Mo. 718; Maupin v. Franklin County, 67 Mo. 329; Dennison v. St. Louis Co., 23 Mo. 171; Medlin v. Platt Co., 8 Mo. 238. (3) In this case there was absolutely no proof of any kind or description, that either the court or the clerk in vacation, made an order of publication. On the contrary, the evidence of the clerk of the court is, that he made a careful search of the records to ascertain whether any such order appeared in the records, and found none. In cases of this kind, no presumptions are to be indulged in favor of the jurisdiction of the court, but on the contrary, all presumptions are indulged against its jurisdiction, and it is only when it is shown that every requirement of the statute has been complied with that the court acquires jurisdiction in any case where service is attempted to be had by publication. State ex rel. v. Field, 107 Mo. 451; Mitchell v. Williams, 79 Mo. App. 392; Meyers v. McRay, 114 Mo. 382; Charles v. Morrow, 99 Mo. 646; Quigley v. Bank, 80 Mo. 289. Constructive service is not favored by law, and all presumptions are indulged against it. Cooper v. Gunter, 215 Mo. 562; State ex rel. v. Field, 107 Mo. 451; Galpin v. Page, 18 Wall. (U. S.) 350; Morris v. Presley, 5 East. (U. S. C. C.) 302. It is expressly provided by the statute

of this State, that the clerk of the circuit court has the power to make an order of publication, in the vacation of the court. R. S. 1909, sec. 1770. The making of this order is a judicial act. 7 Cyc. 227, note 54; State v. Green, 34 La. Ann. 1027; Clapp v. Phelps, 19 La. Ann. 461; Paine v. Aldrich, 13 N. Y. Supp. 455.

FARIS, J.—This is a case which embraces a consolidated cross-appeal in an action originally brought in Stoddard county to determine interest to certain lands in said county. It has been here before and is reported under the style of Miller v. Keaton, 236 Mo. 694. It is likewise practically in all respects a companion case to Keaton v. Jorndt, heretofore decided and reported in 220 Mo. 117. The latter case of Keaton v. Jorndt, on a second appeal, is again here and an opinion has been rendered therein at this sitting. [259 Mo. 179.] To the cases of Miller v. Keaton, 236 Mo. 694, and Keaton v. Jorndt, 220 Mo. 117, and to the opinion in the latter case rendered at this term, reference for the facts as well as for the major part of the holding is made; all of them being companion cases and all of them resting upon the same common source of title, the same tax suit and the identical will discussed in the opinion at this term in Keaton v. Jorndt.

When the instant case was here before it was reversed and remanded with directions (Miller v. Keaton, 236 Mo. l. c. 711), which directions are as follows:

"We have no satisfactory basis for a final judgment upon the nature and extent of the interests of the parties. We reverse the judgment and remand the cause, with directions to the circuit court to enter a judgment in favor of plaintiff, vesting in him the title to whatever interest Carrie E. Thurber had in the lands acquired under the sheriff's deed, and also vesting in him the title to the interest of Katie A.

Vigar, if the evidence shows that in the order of publication her true name is correctly written as Katie A. Vigar; such judgment to ascertain and declare the nature and extent of the title so acquired by plaintiff. We further direct the circuit court by its judgment to ascertain and declare, upon proper proof, whether the defendant has acquired any interest in said lands, and if so, the extent and nature thereof."

In accordance with the mandate of this court, which followed the direction of the clause in the opinion above quoted, the learned judge of the circuit court of Butler county, to which court the instant case was removed from Stoddard county by change of venue, proceeded to hear and determine the same in accordance with the directions of this court. He found that the order of publication recited the name of *Katie* A. Viger as *Kitie* A. Vigar and that the interest of said Katie did not pass to plaintiff. He further found that Carrie E. Thurber had at and prior to the tax sale a life estate in the whole of the land, and following our opinion in Miller v. Keaton, supra, rendered judgment for plaintiff therefor and for defendant for the remainder in fee, subject to the life estate therein of the said Carrie. From this judgment both plaintiff and defendant have appealed and are here upon cross-appeals, which have been consolidated for the purpose of this hearing. It may be said in passing that since this case has been submitted, plaintiff, J. N. Miller, has departed this life testate. His devisees have been properly made parties herein in his stead, but no occasion is seen for interfering with the style of the case and thus destroying its identity with matters heretofore adjudicated.

We have disposed of all of the contentions made by defendant Keaton touching the question of whether the parties to this action are concluded by the former decision herein. We have also considered the effect of the tax sale in 1898, prior to the election on the

part of Carrie E. Thurber, which was exercised five years or more thereafter, to convert her life estate in the whole of the land into a fee, and to thus cut out the remaindermen, who were given a contingent life estate. All of these things are considered and ruled upon in the companion case of Keaton v. Jorndt, and we need not therefore burden the books by repeating them.

One sole point remains. This point differentiates in a slight degree this case from the case of Keaton v. Jorndt. That is the question as to the correctness of the ruling of the trial court upon the evidence offered as to the existence and contents of the order of publication. The original files were lost, mislaid or destroyed sometime in the fifteen years which had elapsed since the tax suit was filed and adjudged. No record of the order of publication appeared, nor any proof of publication, nor any evidence of same, except that noted below herein, further than the finding contained in the judgment that the court had acquired jurisdiction by publication. There was offered however the files for the month of July, 1897, of the "Bloomfield Vindicator," a newspaper published in Stoddard county, and which purported to contain the published copy of an order of publication in the case of "State of Missouri at the relation and to the use of A. L. Harty, collector of the revenue of Stoddard county, Missouri, plaintiff, v. Carrie E. Thurber, Mollie H. Lemen, Austin H. Lemen, *Kitie A. Vigar*, Edward R. Vigar, Birdie E. Stone and Harry L. Stone, heirs of Nathan L. Thurber, deceased, Alexander McMurtrey and Lo⁻ is DeMont, court [sic] mortgagee, defendants." This order, the above caption thereto not repeated, is as follows:

"Now at this day comes the plaintiff herein by his attorney Ralph Wammack and files his petition and

*Order of Publication: Lost Files: Newspaper Itself as Evidence: Name of party*

affidavit, alleging, among other things, that defendants are not residents of the State of Missouri.

"Whereupon, it is ordered by the clerk in vacation, that said defendants be notified by publication that plaintiff has commenced a suit against them in this court, the object and general nature of which is to enforce the lien of the State of Missouri, at the relation and to the use of A. L. Harty, collector of the revenue of Stoddard county, for taxes due and remaining unpaid for the years 1894 and 1895 upon the following described real estate, to-wit:

"The southwest quarter and the west half of the northwest quarter and the northwest quarter of the southeast quarter and the west half of the southwest quarter of the southeast quarter of section 4, township 23, range 12, east, 300 acres, situated in Stoddard county, Missouri.

"And that unless said defendants shall be and appear at this court, at the next term thereof, to be begun and holden at the courthouse in the city of Bloomfield in said county on the 13th day of September, next, and on or before the 3d day of said term, if the term shall so long continue—and if not, then on or before the last day of said term—answer or plead to the petition in said cause, the same will be taken as confessed and judgment will be rendered accordingly.

"And it is further ordered that a copy hereof be published according to law, in the Bloomfield VINDI-CATOR, a newspaper published in said county of Stoddard, for four weeks successively, published at least once a week, the last insertion to be at least fifteen days before the first day of said next September term of this court.

"Witness my hand and seal of the circuit court of Stoddard county, this 28th day of June, 1897.

"(Seal)          M. S. PHELAN, Circuit Clerk."

The present publisher of that newspaper, one Louis Jobe, was thereafter offered as a witness and from his testimony it appeared that all of the files for the month of July, 1897, of said newspaper, were in the custody of the witness. One of these the witness produced and from it read into the record the order of publication as above set out. The witness further stated that this same order appeared in the issues of the Blomfield Vindicator of July 2, July 9, July 16, July 23 and July 30, all of the year 1897. There was further offered what purported to be a supplied order of publication containing the above facts in a shorter and more concrete form, and which said supplied order of publication was sworn to on the 29th day of July, 1911, by the witness Louis Jobe. This supplied order, however, seems to have been stricken out by the court on objection thereto, on the ground that the manner in which the same was supplied did not appear, or appearing, was not in compliance with the law in relation to the supplying of files. No attack, naturally, is made by the defendant Keaton to the finding of the court that the order or publication recited the name of *Katie* A. Viger as *Kitie* A. Vigar, and was therefore ineffectual as a foundation for a judgment passing the title of said Katie. Nor do we understand that plaintiff is making any serious contention as to this finding, since we gather from his brief that he practically concedes that the order of publication did in fact recite the name of *Katie* A. Viger as *Kitie* A. Vigar.

But be this as may be, it is one question to ascertain whether in the order of publication as made the name of Katie A. Viger was set out as Kitie A. Vigar, and an entirely different one to decide as a matter of law the question of the sufficiency of the order of publication to constitute such constructive notice as to confer jurisdiction on the trial court to hear and determine the original tax suit. The latter

question was determined upon the former appeal.
This court there held that the tax sale as to Katie A.
Viger was valid; therefore, by the very strongest and
most conclusive implication holding that the order of
publication was properly made and properly pub-
lished. [Miller v. Keaton, 236 Mo. 694.] The sole
duty relegated back to the trial court was to deter-
mine whether in such order of publication, as pub-
lished and made to the trial court, the name of Mrs.
Viger was printed *Kitie* or *Katie.* The learned trial
court found that such order of publication as printed
and filed recited her name as *Kitie* and that her inter-
est did not pass. This was the identical thing and
only thing, the trial judge was required by this court
to do on this phase of the case. Did the court *nisi,*
in order to determine this question (which we differ-
entiate, and which in logic we ought to differentiate,
from the proof of making, and the proof of publish-
ing, an order of publication which shall be meet to
give, and suffice as, constructive notice to confer juris-
diction in a tax suit over a non-resident), admit in-
competent evidence when he allowed the present
publisher of the "Bloomfield Vindicator," who, while
not the publisher fifteen years before the instant case
was tried below, was yet at the time of the trial in
possession of the ancient files of that paper, to identify
such files and to read therefrom the order of publica-
tion which we set out herein? The files as well as all
papers of whatever kind, in the old suit of "Harty,
collector, etc., v. Thurber et al.," being the original
tax suit in issue herein, were not to be found after
a sufficient search by the clerk who was the proper
custodian thereof. Neither was the order of publica-
tion as originally made, to be found upon the record.
What then in this state of things was the next best
evidence of the contents of the order of publication
as published? We pretermit, for the reasons stated,
the questions whether such order was made, whether

Miller v. Keaton.

it was published, whether as to its general contents and the number of insertions it was a sufficient notice to confer jurisdiction. For these things were found in the affirmative on the former appeal. Clearly, when the old files and papers and judgment rolls were lost, and such loss shown, the only proof of what the original order of publication contained, must of necessity come either from the newspaper files themselves, or come orally from some one who read the order of publication as it appeared in the newspaper fifteen or more years ago, and now remembers its contents in the behalf mentioned and now testifies on oath touching the same. Can there in common sense be two minds as to which should be accorded the greater degree of credence? We think not, and so thinking rule that on the precise point before the court below, that of allowing the old newspaper files from a proper custody to be competent evidence of the contents of a legal publication contained therein, all better evidence being lost, he did not err.

We have disposed, in the companion case above referred to and decided at this term, of the question of the amount of interest held by Carrie E. Thurber when the land was sold for taxes. The judgment *nisi* accords with our conclusions. The former opinion disposed of the question as to the taker of that interest. It therefore results that this case should be affirmed. Let this be done. *Walker, P. J.,* concurs; *Brown, J.,* not sitting.